THE MISSOURI PACIFIC RAILWAY COMPANY v. WILLIAM H. HOLLEY.

*Motion for Rehearing.*

AFTER the filing of the opinion herein, at the September, 1883, session of the court, counsel for plaintiff in error filed a motion for a rehearing, which motion the court decided at its session in January, 1884, and then filed the opinion, *infra.*

The opinion of the court was delivered by

BREWER, J.: Counsel in this case have filed a motion for a rehearing. We have reëxamined the case, and feel compelled to overrule the motion. So far as respects the negligence of the railroad company, we say now as we said in the former opinion, we think it clearly established. Gould, the brakeman who directed the coupling, stood on the front instead of the rear and coupling end of the coach. The latter was the proper place, and if he had been there, he would have perceived the plaintiff and the injury would not have happened. Counsel say that he had no reason to expect that the plaintiff, or anybody else, would be on the track, and so he owed him no duty. But absence from the place of duty is negligence. It is the duty of an engineer while the train is in motion to occupy a place on the right side of the cab, where he can survey the track and control the motions of his engine. In case of an injury to a person on the track, it would be no excuse for his failure to be at his post to say that he had no reason to expect that any one would be trespassing on land to which the company had the exclusive right of possession.

As to the contributory negligence of the plaintiff, we have, as we had, great doubts. We do not know that we can add anything to make our views clearer; and yet we ought to notice one or two of the reasons given in counsel's motion for rehearing. The third and fourth reasons are as follows:

"3. Because the court, in the opinion filed herein, announces the erroneous rule and doctrine, that if the plaintiff

at the time he received the injury complained of was in the line of his duty, that therefore he is exonerated from the charge of contributory negligence.

"4. Because the court announces in such opinion the rule to be, that if the acts done by the plaintiff were required in the proper discharge of his duty, that therefore the plaintiff was not chargeable with contributory negligence, because the act done was required in the discharge of his duty."

Doubtless it is generally true that a party may be in the ordinary line of his duty and yet be guilty of negligence, and to this effect are the authorities cited by counsel. But this must be noticed : the negligence attributed to plaintiff was in going between the approaching cars, instead of upon the platform, for the purpose of removing the pin and permitting the coupling to take place. His negligence, if any, was not in the way he acted after going between the coaches, but in the fact of going between the coaches ; and when the jury say that he was performing his duty in the usual and ordinary manner under the circumstances then existing, they impliedly say that he was not guilty of negligence in going between the coaches. Of course, the fact that an act is ordinarily done in a certain way does not prove that such way is not negligent. As has been said, brakemen may be habitually negligent, and we do not mean to affirm that proof of the ordinary way of doing anything establishes care and prudence. (*Mo. Pac. Rly. Co. v. Haley*, 25 Kas. 64.) But still it is, to say the least, *prima facie* evidence thereof, and before a court is justified in deciding that the ordinary manner of doing anything is negligent, it should be clearly convinced of such negligence. What men ordinarily do is ordinarily prudent and careful. But, beyond the opinion of the jury is this: we can tell from the findings almost exactly what plaintiff did. The facts are fully developed. The plaintiff, believing that the engineer had stopped the coach in obedience to his signal, went between the coaches to remove the pin. We should be loath to pronounce such an act negligent. Evidently the jury did not think it negligent, for they returned a general verdict in favor of the plaintiff.

Evidently the trial court did not think it negligent, for it rendered judgment on the findings. And we cannot say that both court and jury were wrong in their view of this matter. But it is hardly profitable to pursue this discussion further. We can only add that, upon the facts as developed by the findings, we are not satisfied that the jury erred in returning the general verdict in favor of the plaintiff; or, that the court erred in rendering the judgment which it did. And yet we must say that we have great doubts.

The motion for rehearing will be overruled.

All the Justices concurring.