## CHRISTIAN BOICK v. EDWARD W. BISSELL.

*Negligence—Driving in highway—Evidence.*

1. Where the plaintiff's testimony in a negligence case shows that there was a clear space on a planked drive-way of at least 14 feet

outside of that occupied by the plaintiff's wagon in which the driver of defendant's team might have passed, leaving from 6 to 8 feet space between his load and the plaintiff, who was standing beside his wagon with his back towards such open space,—both parties having a right to be in such drive-way,— it is for the jury to say whether such driver exercised ordinary care and prudence in driving within 6 to 12 inches of plaintiff's wagon, he at the time sitting on his load, consisting of from 40 to 50 bags of clover seed, and the hind wheel of his truck catching plaintiff's foot and throwing him between the vehicles, and severely injuring both of his legs.

2. In such a case the reputation of defendant's driver as a careful driver is not in issue, and is immaterial. *Williams v. Edmunds*, 75 Mich. 92.

3. It is competent to show that plaintiff was loading his wagon in the customary way in such drive-way, and that defendant's driver knew what the customary way of loading was there, as affecting the question of his negligence in driving as close as he did to plaintiff's wagon.

Error to Wayne. (Gartner, J.) Argued April 11, 1890. Decided April 18, 1890.

Negligence case. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Corliss, Andrus & Leete*, for appellant, contended for the doctrine stated in the opinion.

*Henry M. Duffield*, for defendant, contended:

1. It has been held by this Court that there is no presumption of negligence in not turning out to avoid a collision, but that negligence must be proved; citing *LeBaron v. Joslin*, 41 Mich. 313; *Joslin v. LeBaron*, 44 Id. 160.

2. The case at bar is fully covered by *Daniels v. Clegg*, 28 Mich. 32.

Morse, J. This is an action to recover damages for personal injuries to plaintiff alleged to have been received through the negligent driving of defendant's servant. The circuit judge directed a verdict for the defendant. This was error. The case should have been sub-

mitted to the jury upon the question of the negligence of defendant's driver, and also as to the contributory negligence of plaintiff. No testimony was offered on the part of the defendant. The facts, as shown by the plaintiff and his witnesses, were substantially as follows:

The plaintiff, a teamster, was hauling lumber on December 17, 1887, from the depot of the Detroit, Grand Haven & Milwaukee Railway Company, at Detroit. Teams go in and out from the depot in a drive-way from Atwater street. The drive-way is about 25 feet wide from the platform of the freight sheds at the depot to the car tracks. The north side of the drive-way, adjacent to the tracks, is devoted to the loading of freight directly from the cars. The plaintiff drove his wagon to the north side of the drive-way, occupying a space of from five to eight feet of the same, and was loading lumber from the cars upon his wagon, which was about five feet wide. He had put on a small load of lumber, and was engaged in binding his load at the time of the injury. His horses were facing to the west, and he stood between the hind and forward wheels, winding the chain around the wagon reach, or using the chain for the purpose of tightening and securing his load, at the time he was hurt. He came around from the front of his horses to bind the load, and, as he so came around, saw the defendant's team coming.

Bissell's team was drawing a heavy freight truck, loaded with from 40 to 50 bags of clover seed, weighing about 180 pounds each. The driver sat upon the top of the load, and in front. This truck was loaded upon the other side of the drive-way, from 75 to 150 feet away from plaintiff, and while loading the team was faced to the east. When the load was completed, the driver turned his horses around, and drove out past plaintiff. Defendant's team was 10 or 12 feet east from plaintiff's wagon when

he first saw it. He stood, as it passed, with his face to his own wagon, and his back to defendant's truck, and within two or three feet of his wagon, and was stooping over, or bending forward, engaged in tying his chain or in binding his load. There was plenty of room for Bissell's team to pass without injuring plaintiff, and it would have done so, as plaintiff claims, if the driver had not swerved from his course in towards the plaintiff. His foot was caught by the hind wheel, and he was thrown down between the vehicles, severely injuring both legs. The truck of defendant was not over eight feet wide. The hind wheels were six inches wider than the forward wheels. The plaintiff testified that if defendant's driver had driven in a straight line from where he first saw him he would not have touched him. He was asked if he had so driven how far the truck wheels would have come from his feet. He was not allowed to answer the question, which was a proper one. It was shown that the track of the truck wheels passed within from 6 to 12 inches of plaintiff's wagon. The drive-way was planked its whole width, and there were no obstacles in the way of Bissell's driver except plaintiff and his wagon.

The circuit judge, in his charge to the jury, stated that the defendant's driver "might have left more space between himself and plaintiff's team." This is also evident from the testimony. The circuit judge further said the defendant's driver—

"Might have seen him [plaintiff], and he might not have seen him. There is no evidence here that he did see him, or that he drove faster than men usually drive in that drive-way, or that he drove in any other way, or in any other manner, than a careful and prudent person would drive. To my mind there is no evidence in this case upon which you could find negligence on the part of the driver."

From all the testimony, it appears that there was a

clear space of at least 14 feet outside of the plaintiff, in which the defendant's driver might have passed, leaving from 6 to 8 feet between his load and plaintiff. The plaintiff had a right to be in the drive-way, and was using no more space than he was entitled to. The driver of Bissell's wagon was bound by the law to notice plaintiff's wagon, and to use all due diligence and care in passing, so as not to injure him. It was for the jury to say, under the circumstances, whether driving within from 6 to 12 inches of plaintiff's wagon was ordinary care and prudence, considering the character of his load, and where the driver sat upon it. If his position was such that he could not look down and see where his wheels were going, it was the driver's duty to take space enough to prevent collision, as long as the space was to be had. If he did not wish, for any reason, to take this space, it was his duty to keep his eyes out to see whether or not he was going to run against or over plaintiff. If, under the circumstances, he had collided with plaintiff's wagon or team, his negligence would have been apparent. As it is, his negligence is a question to be properly decided by a jury.

It is claimed by defendant's counsel that the plaintiff must have thrown out his foot after the forward wheels of defendant's truck had passed, and that such act was negligent. Whether he did so throw out his foot, or whether it was negligence to do so, is also for the jury. When there was plenty of room for defendant's wagon to pass without touching the plaintiff, and it was at noon-day, and when, as plaintiff says, if the driver had kept on in a straight course, as he was driving, he would not have struck plaintiff, it was for the jury to say whether or not it was negligence in the plaintiff to turn his back to the roadway, relying upon the course of the defendant's wagon as headed, and upon the fact that there was

plenty of room in which to pass him without collision.

The reputation of defendant's driver as a careful driver was not in issue, and was immaterial. *Williams v. Edmunds*, 75 Mich. 92.

It was competent to show that plaintiff was loading his wagon in the customary way in such drive-way, and that defendant's driver knew what the customary way of loading was there, as affecting the question of his negligence in driving as close as he did to plaintiff's wagon.

The judgment is reversed, and a new trial granted, with costs.

The other Justices concurred.