JOSEPH M. LAZELL v. CHRISTIAN F. KAPP.

*Negligent driving—Submission of question to jury.*

This case is ruled by *Boick v. Bissell,* 80 Mich. 260, and the question of the negligence of plaintiff and of defendant was properly submitted to the jury.

Error to Washtenaw. (Kinne, J.) Argued October 22 and 23, 1890. Decided October 31, 1890.

Negligence case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Charles R. Whitman,* for appellant, contended:

1. One cannot recover for an injury caused by another's negligence if his own want of ordinary care contributed thereto; citing *Railroad Co. v. Leahey,* 10 Mich. 193; *Railroad Co. v. Miller,* 25 Id. 274; *Daniels v. Clegg,* 28 Id. 32; *Mabley v. Kittleberger,* 37 Id. 360; *LeBaron v. Joslin,* 41 Id. 313; *Straugh v. Railroad Co.,* 65 Id. 706; *Mynning v. Railroad Co.,* 64 Id. 93; *Matta v. Railway Co.,* 69 Id. 109; *Kwiotkowski v. Railway Co.;* 70 Id. 549.

*A. F. Freeman (A. J. Sawyer,* of counsel), for plaintiff, contended:

1. If the circumstances out of which the injury or act complained of occurred tend to show ordinary care, the question is for the jury, and it must be a very extraordinary case that will justify the court in taking it from them; citing *Carver v. Plank-road Co.,* 69 Mich. 620; *Billings v. Breinig,* 45 Id. 65; *Teipel v. Hilsendegen,* 44 Id. 462; *Hassenyer v. Railroad Co.,* 48 Id. 207; *Swoboda v. Ward,* 40 Id. 424; *Railroad Co. v. Van Steinburg,* 17 Id. 120; *Boick v. Bissell,* 80 Id. 260.

MORSE, J. The plaintiff sued defendant in the circuit court for the county of Washtenaw for personal injuries received in a public street, in the village of Manchester. The questions as to the negligence of the defendant, and the contributory negligence of plaintiff, were submitted

to the jury, who returned a verdict in favor of the plaintiff in the sum of $300.

The only error insisted upon in this Court is the submission of the question of the plaintiff's negligence to the jury. It is contended that the court below should have directed a verdict for the defendant upon the plaintiff's own showing.

The plaintiff's case was substantially as follows: The plaintiff lives upon the north side of Jefferson street, the main traveled street in the village. The street where the injury happened is wrought perfectly smooth for vehicles from sidewalk to sidewalk. The street is four rods wide. A space of about five feet is used on each side for sidewalks, and grass grows along the sides of the street something like from 10 to 15 feet in width into the street. Among other things the plaintiff is a dealer in wood. On the morning of November 13, 1888, as he was coming out of his lot into the street, he saw a farmer, one William Campbell, drive up in front of the residence of Mrs. Graham, with a load of wood. Mrs. Graham lived across the street from plaintiff, and one lot to the west, the lots being four rods wide. Plaintiff called out to Campbell to know if he could buy the wood. Campbell replied that he had sold it to Mrs. Graham, but went into her house to see if she would let him sell it to plaintiff. When he came out he informed plaintiff that he might have it. Plaintiff then started diagonally across the street in the direction of Campbell, and Campbell at the same time went in the direction of the plaintiff. They met in the street on the south side, about a foot or two from the edge of the grass. Plaintiff wanted the wood for Miss Marvin, who lived on the south side of the street. Her place was one lot east of plaintiff's. As the parties met Campbell said: "Where will you have this wood?" Plaintiff turned round, raised his arm, and,

pointing, said: "Do you see that big kettle? Do you
see that brick house? Turn in there, and throw it off."
As he said this he was struck by the buggy wheel of
defendant. The buggy was going east, and was driven
by the defendant, and drawn by one horse. The horse
was on a sharp trot. As plaintiff was going across the
street he saw the defendant coming about 10 rods away.
As he turned around to point out Miss Marvin's to
Campbell, his back was towards defendant. He did not
hear the buggy coming. Campbell testifies that he heard
it just in time to get out of the way, or he would have
been struck. The wheel struck plaintiff in the side,
under the arm, and knocked him over. As he fell he
caught the thill with his hand and was dragged nearly
10 feet, until the horse stopped. Campbell testified sub-
stantially as plaintiff did, and that the defendant after-
wards told him that he was reading a letter when the
collision occurred. This the defendant denied, and testi-
fied that he saw plaintiff crossing the street when he
was far enough ahead of him so that he might have
crossed the street half a dozen times before the vehicle
would have reached him at the rate it was going. Did
not watch him for that reason. He did not see Mr.
Campbell at all until after the accident. After noticing
plaintiff crossing the street, and before the collision, his
attention was attracted by a horse running out of a barn
on the lot of one Kingsley, and the first thing he knew
after that he "saw a hand grab hold of the thill as I
turned back from the object I was looking at." There
was also testimony on the part of the defense tending to
show that, at the time of the accident, plaintiff and
Campbell were standing nearly in the center of the
street, a little to the right side, as the defendant was
driving.

Defendant's counsel contends that, if the defendant

was negligent because he permitted his attention to be distracted from plaintiff by the horse escaping from Kingsley's barn, when he had seen plaintiff crossing the street in front of him, then it was certainly negligence in the plaintiff, after he had noticed defendant coming towards him, to turn his back to defendant, and take no heed to his approach; that the obligation to keep a lookout to avoid collision was as great upon one as the other. We think the negligence of each was properly submitted to the jury. This case is ruled by *Boick v. Bissell*, 80 Mich. 260. There were no teams in this street, in the immediate vicinity, on this morning, except Campbell's and defendant's. If plaintiff was standing as he and Campbell testify, within two feet of the grass, leaving a space of 25 or 35 feet between him and the sidewalk on the north side of the street, nearly half of which distance was the usually traveled track, and the balance of it smooth and fit for travel, it was eminently a proper question for a jury to determine whether or not the plaintiff, in turning his back for a moment to the defendant, and for the purpose of pointing out Miss Marvin's place, did what an ordinarily prudent and careful man would have done under the same circumstances, and whether or not he did not have the right to presume that he would be safe from being run into with all this space to the right of him, when the defendant had the horse under control, and was coming down the street in full sight of him.

The judgment is affirmed, with costs.

CHAMPLIN, C. J., CAHILL and GRANT, JJ., concurred. LONG, J., did not sit.