EMMA BLANCHETTE *vs.* HOLYOKE STREET RAILWAY COMPANY.

Hampden.    September 27, 1899. — December 16, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Personal Injuries — Instructions — " Gross Negligence " — Negligence of Conductor of Street Car — Custom — Declarations.*

If an action for personal injuries, occasioned to the plaintiff by being thrown from an electric car by reason of its coming into collision with the rear end of another car, rests entirely upon evidence of negligence of the conductor after the trolley came off, and this negligence was nearer to the accident in point of time and more closely connected with it as a cause than the throwing off of the trolley, a request for instructions that " the proximate cause of the collision or contact of the two cars was the throwing off by a passenger of the trolley of the first car, and the plaintiff cannot recover because of any injury to her as the result of the collision," is rightly refused.

In an action for personal injuries, occasioned to the plaintiff by the collision of two electric cars, a finding that the gross negligence of the conductor of the forward

car was the cause of the collision is unnecessary to the decision of the case; it is sufficient to find negligence.

In an action for personal injuries, occasioned to the plaintiff by being thrown from an electric car by reason of its coming into collision with the rear end of another car, it appeared that the place of the accident was between a park on a mountain and a street in a city, that the tracks of the railroad ran through woods on a down grade with frequent curves, the curve just before the place of the accident being of such a kind that the motorman of the second car could see only about one hundred and fifty feet ahead, that a light rain had fallen and the tracks were very slippery, so that the brakes would not hold well, that the second car left two minutes after the first, that all this was known to the conductor of the first car, and yet when the trolley came off, instead of letting his car go by its own momentum down the grade, he signalled to stop it, and when it stopped after going some distance, instead of giving warning to the other car which was approaching from behind, he proceeded to get on the top of the car to adjust the trolley, and the collision occurred. *Held*, that there was evidence to warrant a finding of negligence on the part of the conductor.

In an action for personal injuries, occasioned to the plaintiff by being thrown from an electric car by reason of its coming into collision with the rear end of another car, it appeared that the place of the accident was away from the highway, on a track running down from a mountain, through fields and woods, by a series of curves, and on a steep grade to a certain street, and that the cars ran rapidly, and the first car was followed by the second after an interval of only two minutes. The defendant offered to show that it was not customary for the motorman to leave his post at the front of the car and go back to give warning to any approaching car of the position of the car ahead, or of the conductor to give him any such directions. *Held*, that the evidence was rightly excluded.

In an action for personal injuries occasioned to a minor, the extent thereof being in dispute, declarations of the mother tending to show that the plaintiff was not so ill as represented are not admissible to bind the plaintiff without proof of conspiracy; and the fact that the mother kept the outside door of the house locked may well be regarded as immaterial, even if it were done with the knowledge of the plaintiff.

In an action for personal injuries occasioned to a minor, the extent thereof being in dispute, it appeared that the plaintiff's mother and another daughter, E., had some talk in the presence of the witness about cutting out a dress pattern, and the mother said that she could not do it and she would go into the plaintiff's room; that the mother and E. went into the room, and in a short time came out with the pattern cut out properly. *Held*, that there was no direct evidence that the plaintiff did in fact cut out the dress pattern, and the evidence offered might well be considered by the judge as showing only that the plaintiff's advice was sought, and not manual labor on her part.

TORT, for personal injuries occasioned to the plaintiff, a minor, while a passenger on an electric car of the defendant. Trial in the Superior Court, without a jury, before *Maynard, J.*, who found for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*W. H. Brooks & W. Hamilton*, for the defendant.

*A. L. Green*, for the plaintiff.

LATHROP, J.   The plaintiff was a passenger on an open electric car of the defendant company on Sunday, May 30, 1897, and there was evidence which would warrant a finding that she was thrown from the car by reason of its coming into collision with the rear end of another car of the defendant.   The justice of the Superior Court, who tried the case without a jury, found specially that the plaintiff was in the exercise of due care, and was injured; that the collision of the defendant's cars was the cause of the injury; and that the gross negligence of the conductor of the forward car was the cause of the collision.   Damages were assessed in the sum of $5,000.   The case is before us on the defendant's exceptions.

1.  The first exception which is argued is to the refusal of the judge to give the fourth request for instructions, which was as follows:  " The proximate cause of the collision or contact of the two cars was the throwing off by a passenger of the trolley of the first car, and the plaintiff cannot recover because of any injury to her as the result of the collision."

Whether the throwing off of the trolley was so closely connected with the accident as a cause that it might have been made a ground of liability if there had been no intervening or other cause, and if the action had been brought against the passenger who threw it off, or if it had been thrown off by a negligent act of the defendant's servant, it is unnecessary to determine.   The plaintiff's case rests entirely upon evidence of negligence on the part of the conductor after the trolley came off; and this negligence was nearer to the accident in point of time, and more closely connected with it as a cause, than the throwing off of the trolley.   This request for instructions was rightly refused.

2.  The seventh request was:  " There is no sufficient evidence that the injury to the plaintiff was caused by the negligence of the conductor of the first car, and the plaintiff is not entitled to recover on that ground."

Before proceeding to consider this request, it may be remarked that the finding that the gross negligence of the conductor of the forward car was the cause of the collision was unnecessary

to the decision of the case. It would have been enough to find negligence.

We are of opinion that on the facts of the case there was evidence to warrant a finding of negligence on the part of the conductor. The place of the accident was between Mountain Park and Northampton Street, in Holyoke. The tracks of the railroad ran through woods, on a down grade, with frequent curves. The curve just before the place of the accident was of such a kind that the motorman of the second car could see only about one hundred and fifty feet ahead. A light rain had fallen, and the tracks were very slippery, so that the brakes would not hold well. The second car left two minutes after the first. All this was known to the conductor of the first car, and yet, when the trolley came off, instead of letting his car go by its own momentum down the grade, he signalled to stop it, and when it stopped after going some distance, instead of giving warning to the other car which was approaching from behind, he proceeded to get on the top of the car to adjust the trolley, and the collision occurred.

3. The defendant offered to show that it was not customary for the motorman to leave his post at the front of the car and go back to give warning to any approaching car of the position of the car which is ahead, or for the conductor to give him any such directions. If the offer was to show the defendant's own custom in answer to a charge of negligence, the evidence was plainly incompetent. If it was to show a general custom on electric railways, the offer was to prove a negative, and it related to other railways as they are constructed. It does not appear that there is any other electric railway situated as this is, or that a trolley ever came off on another railway in such a place. The place of this accident was away from the highway, on a track running down from Mountain Park on Mount Tom, through fields and woods, by a series of curves, and on a steep grade to Northampton Street. The cars run rapidly there, and the first car was followed by the second after an interval of only two minutes. The situation was so unlike that of electric railways generally, that the absence of a custom on such railways to do that which ought to have been done at the place and under the circumstances of this accident is of no significance. The evidence was rightly excluded.

4. The extent of the injury to the plaintiff was in dispute, and there was conflicting evidence on the subject given by medical experts. In this condition of things the defendant offered to show by a person who boarded in the family certain declarations and acts by the plaintiff's mother tending to show that the plaintiff was not so ill as was represented. This evidence was excluded, and the defendant excepted. It does not appear from the exceptions that any conspiracy between the mother and daughter was charged, nor was any such charge made by the defendant on its brief. Without proof of conspiracy, any declarations made by the mother were inadmissible to bind the daughter. The fact 'that the mother kept the outside door of the house locked might well be regarded as immaterial, even if it were done with the knowledge of the daughter. The attempt to show that the mother took food in to the daughter concealed under her apron failed, as the witness testified that she did not know that what was so taken was anything to eat. The only other act relied on is that the plaintiff's mother and another daughter, Eva, had some talk in the presence of the witness about cutting out a dress pattern, and the mother said that she could not do it, and she would go into the plaintiff's room; that the mother and Eva went into the plaintiff's room, and in a short time came out with the pattern cut out properly. The offer of proof assumed that the plaintiff was a dressmaker. · We are of opinion that the judge might properly exclude this evidence. There was no direct evidence that the plaintiff did in fact cut out the dress pattern; and the evidence offered might well be considered by the judge as showing only that the plaintiff's advice was sought, and not manual labor on her part.

*Exceptions overruled.*