## UDDEN v. O'REILLY, Appellant.

**Division One, March 17, 1904.**

1. **GRANTING NEW TRIAL: Appellate Practice.** The order of the court granting to plaintiff a new trial because of an error in an instruction given, will be affirmed by the appellate court unless an examination of all the facts in evidence show that no other verdict than that rendered could be permitted to stand.

2. ———: ———: **This Case: Negligence: Instruction: Actual Knowledge.** Plaintiff, a tenant, sued his landlord, the defendant, for injuries sustained by him in falling into a hole for the reception of coal near a walk which ran through a court at the rear of defendant's flats, the court being used by all the tenants of two separate buildings, and the instruction for defendant told the jury that unless defendant had actual knowledge of the dangerous condition of this uncovered or defectively covered hole, he could not be held liable for plaintiff's injuries, and the court, after verdict for defendant, granted plaintiff a new trial on the ground of error in this instruction. *Held*, that the instruction being wrong under the circumstances of the case, the judgment will not be permitted to stand on defendant's appeal from the order granting a new trial.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. Zachritz*, Judge.

AFFIRMED.

*Robert L. McLaran* for appellant.

(1) Defendant's demurrer to plaintiff's evidence and to all the evidence should have been sustained. A landlord is not bound to keep leased premises in repair in the absence of an agreement to do so. Eyre v. Jordon, 111 Mo. 424; Gordon v. Peltzer, 56 Mo. App. 604;

Ward v. Fagin, 101 Mo. 669; Peterson v. Smart, 70 Mo. 34.  (2)  The verdict was for the right party, and should not have been disturbed for that reason.   Fitzgerald v. Barker, 96 Mo. 665; Noble v. Blount, 77 Mo. 235; Greer v. Bank, 128 Mo. 559; McFarland v. Heim, 127 Mo. 327; Vogg v. Railroad, 138 Mo. 172; Burns v. City v. Liberty, 131 Mo. 372; Baustian v. Young, 152 Mo. 317.  (3)  Defendant was under no legal obligation to guard plaintiff from injury at the place where the accident occurred.   Eyre v. Jordon, 111 Mo. 424; McGinley v. Alliance Trust Co., 168 Mo. 257.  (4)  Defendant's second instruction given by the court was most favorable to the plaintiff in holding that defendant could be held liable if he had notice that the coal hole was uncovered, and neglected to fix it before the accident.   Benjamin v. Railroad, 153 Mo. 286; Stevens v. Walpole, 76 Mo. App. 222; Jennings v. Van Schaick, 108 N. Y. 530; Trustees, etc., v. Foster, 4 Am. Neg. Rep. 441.  (5)  A landlord is responsible for injuries to a tenant resulting from the dangerous condition of those parts of the building which he reserves for the common use, and over which he retains control, but only when he has been guilty of actual negligence with regard thereto, such as neglecting to repair after notice.   Monteith v. Finkbeiner, 21 N. Y. Supp. 288; Alperin v. Earl, 55 Hun 212; Henkel v. Murr, 31 Hun 30; Lynch v. Swan (Mass.), 1 Am. Neg. Rep. 265.

*C. J. Anderson* for respondent.

(1)  The court ruled correctly in overruling defendant's instruction in the nature of a demurrer to the evidence offered by defendant after all the evidence was submitted. The common yard not being in the possession or control of any of the tenants, but each tenant having the right to use it in common with all the others, possession and control thereof remained in defendant, and it was the defendant's duty to keep it in

a reasonably safe condition.  Busching v. St. Louis Gas Light Co., 73 Mo. 219; Shearman & Redf. on Neg., secs. 360, 505.  (2)  The court ruled correctly in granting a new trial for error in defendant's instruction 2. It is admitted even by this instruction that the coal hole that caused the injury is situated in a common yard belonging to defendant and used by plaintiff and other tenants.  This instruction required the jury to find that defendants had actual knowledge of the defect or their verdict must be for defendant.  Neither knowledge nor notice was necessary in this case.  "An owner of premises is under legal obligation to guard persons lawfully on its premises against pitfalls."  Reichla v. Gruensfelder, 52 Mo. App. 43; Frank v. St. Louis, 110 Mo. 516.

ROBINSON, J.—Appellant is the owner of two buildings or tenement houses in the city of St. Louis, one fronting north on Easton avenue, the other immediately back of it fronting south on Evans avenue; each of these buildings had been partitioned off and divided up so as to make several flats or sets of rooms for the occupancy of families desiring to rent same for dwelling purposes. Respondent, at the time of the institution of this suit and for a long time prior thereto, had been a tenant of appellant, occupying one of the flats or sets of rooms in plaintiff's building fronting on Evans avenue.  Between the rear of appellant's two main buildings there had been left an open court or yard about twenty-five feet wide for the common use of all tenants who may occupy apartments or flats in appellant's said building, which said court or yard had been entirely paved or covered with brick, except several small spaces of about twenty inches wide by three feet long, at the rear of said building, that had been left for use as coal holes, through which coal, wood and such like material might be thrown into the basement of the buildings by the tenants using the same.  To protect

these holes or openings, when not in use, wooden frames or coverings had originally been made to fit over their tops and thus caused them to present an even surface with the pavement of the common court or back yard.

In respondent's petition it is stated, and so the facts were shown to be, that all of appellant's flats or sets of rooms in both buildings, had openings or ways out into this common yard or court from the rear, and that the building fronting on Easton avenue had been so constructed as to leave an arched passageway about three feet wide, through its center, to afford a way to and from Easton avenue to said common court or yard for appellant's tenants occupying his two said buildings, and for those desiring to go to Easton avenue from the rear of their premises through said common court or yard.

After having recited the existence of the above facts, the respondent in his petition, says:

"That on the 3rd day of November, 1898, and for two or three weeks prior to said date, there was in the rear of said store, numbered 3622 Easton avenue, a deep and dangerous hole or opening, extending out into said court or yard two and one-half feet, and was about five feet deep and three feet long, and extended to within 18 inches of said passageway, hereinbefore mentioned, leading out to Easton avenue from said paved court or yard. That said hole or opening was at said date, and for about three weeks prior thereto had been, unprotected by slats or cover. That on said 3rd day of November, 1898, and for several months prior thereto, the plaintiff was a tenant of the defendant, occupying the said flat, 3617A Evans avenue, and when going to Easton avenue from the rear of said flat the plaintiff was in the habit of passing across said paved court or yard and through said arched passageway to said Easton avenue. That the condition of said hole or opening, at and near the said passageway, was known to the defendant prior to the said 3rd day of Novem-

ber, 1898, but was unknown to plaintiff, and although the defendant knew of the dangerous condition of the said hole or opening, he had negligently neglected to have the same put in a safe condition, so as to protect persons using said paved court or yard and passageway from falling therein. That on the night of the 3rd of November, 1898, at about 8 o'clock p. m., the plaintiff, while passing across said paved court or yard to said passageway leading to Easton avenue, where plaintiff was going, it being dark, and said paved court and passageway being unlighted, without negligence or fault on his part, fell into said hole or opening, whereby he was greatly hurt and injured, sustaining severe bruises and injuries of the muscles and nerves of the right side, chest, elbow and hand, and also severe bruises and injuries of the muscles, nerves and sinews of the left leg and knee."

At the close of the testimony, the case was given to the jury under instructions, among which appeared the following, in behalf of defendant, numbered 2:

"The court instructs the jury that although you may believe from the evidence that plaintiff was a tenant of the defendant, and was injured by falling into the coal hole or opening described in plaintiff's petition, and situated in the common yard belonging to defendant, and used by plaintiff in connection with other tenants, by reason of the facts that the slats covering said opening had been removed by someone unknown to plaintiff, yet if you further believe that said slats were removed without the direction or knowledge of defendant or anyone acting for him, and that defendant had not been notified of the fact that said slats had been removed, and had no knowledge of the dangerous condition of said opening, then your verdict should be for the defendant."

The result was a verdict and judgment for defendant. Thereafter plaintiff filed his motion for a new trial, and this motion the court sustained, giving as its

reason for so doing the error committed in giving, in defendant's behalf, said instruction numbered 2 aforesaid, and from this action of the court defendant has prosecuted his appeal to this court.

This instruction was not only out of harmony with the one given in behalf of plaintiff, but it confined the question of defendant's liability to a compass too limited and circumscribed, and imposed upon the plaintiff a burden which he was not bound to sustain. Since the trial judge who heard the testimony, saw the jury, and listened to the arguments made by defendant's counsel to the jury upon the instruction as given, has determined that this instruction was prejudicial to the rights of the plaintiff and has granted to him a new trial on account thereof, we would not be warranted in declaring that court in error for so doing, merely because of the fact, as suggested by appellant, that the jury had been properly informed by an instruction given in behalf of plaintiff of all the conditions under which the defendant would be liable to plaintiff for the injury complained of.

The consideration of this instruction, at this time, is quite different from what it would be had the case come here on plaintiff's appeal from the court's refusal to grant a new trial, on account of said instruction having been given. In the latter case, the questions for this court would be, first, was the instruction as given, an accurate declaration of the law applicable to the facts of the case, and, second, if not, was its defect such, as in our opinion, did operate to the prejudice of plaintiff's claim, by having induced or forced a verdict which otherwise might properly have been made in plaintiff's favor? and this we would determine from an examination of all the facts and circumstances in the case, and reverse or affirm the trial court in its action, as we might think plaintiff had or had not been aggrieved by the giving of said erroneous instruction. Under such circumstances, every error shown in an in-

struction given in behalf of a successful party litigant, will not operate to secure the setting aside of the verdict and judgment obtained thereunder, or result in the reversal of the action of the circuit court for its refusal to grant the new trial sought. But the situation is different when a case comes here, as this does, on the appeal of the party whose judgment has been set aside by the trial court on account of an erroneous instruction, asked and given in his behalf. Under this condition of the record, we look only at the instruction, and if it is found to be erroneous, or faulty, we affirm the action of the trial court, except under circumstances where, upon an examination of all the facts, no other verdict than that returned by the jury was permissible —a situation not existing in this case.

This instruction had the effect of requiring the jury to find that defendant had actual knowledge of the defective and dangerous condition of this uncovered hole into which plaintiff fell and was injured, before he could be held liable, and imposed upon the plaintiff a burden which the law does not require, and which the jury might well have said he did not meet and sustain, since no witness called by plaintiff testified directly that the defendant in person was ever seen on or about the premises, or that personally he knew anything of his buildings or their conditions or surroundings. Plaintiff's testimony went only to the extent of showing that the top or covering for this coal hole into which plaintiff fell had been removed, or had become broken and torn up, and remained in that condition for as long as six or seven weeks or more, prior to the time of plaintiff's injury, and that the attention of defendant's collecting agent, who was about the buildings and in this court or back yard every day or so, had been called to the fact and he was requested to have it repaired, and further that defendant's son, who claimed to be the agent of his father in looking after the premises, was seen

about there every week or so, where the dangerous and defective condition of the coal hole could be easily seen and observed. By this instruction, the inquiry was too limited and circumscribed when it undertook to set out and define the circumstances and conditions of defendant's liability. It ignored entirely the question of responsibility, which the law imposes on the want of ordinary care and prudence, by the defendant, to discover those things and conditions that exist as pitfalls about his premises, that should have been seen and corrected, if plaintiff's testimony was to be believed. Actual knowledge of a fact or thing and the failure to act according to its requirements is not more culpable in the eyes of the law under many circumstances than careless ignorance of those facts or things which the exercise of common prudence and duty would have revealed and made known. By this instruction defendant's liability was confined to a compass much within the range and scope of the facts shown, and as the trial judge, who heard all the testimony as well as the comments of defendant's counsel thereon as applied to said instruction, thought it resulted to the prejudice of plaintiff's rights in the premises, we must defer to his judgment. The action of the circuit court is therefore affirmed.

All concur.