SLACK *v.* CURRY.

1. EVIDENCE—NEGLIGENCE—CUSTOMS AND USAGES—MACHINERY—CHILDREN—DUTY TO GUARD MACHINERY.

On the trial of a personal injury action, wherein plaintiff claimed that defendant neglected to guard or protect one of his pulleys, used in moving a building, and that a child of two years caught his hand in it as a result of defendant's negligence, testimony that defendant employed the usual appliances of persons moving buildings, was not incompetent or inadmissible in evidence.

2. SAME—PERSONAL INJURIES—INFANCY.

The custom of defendant's employees in protecting children was not a proper subject of testimony: the error

committed in receiving such evidence was not, however, prejudicial, where the witnesses testified in detail what they did on the day of the accident to protect children.

3. SAME—APPEAL AND ERROR.

And any error that the court may have committed in receiving testimony that the infant was in the charge of a ten-year old boy, who said he lived with the family to care for the children, was cured by the charge of the court that plaintiff was not chargeable with contributory negligence on account of his extreme youth, and that the negligence of his parents could not be imputed to him.

Error to Kalamazoo; Knappen, J. Submitted October 17, 1912. (Docket No. 125.) Decided November 3, 1913.

Case by Harold Ray Slack, an infant, by next friend, against Samuel E. Curry for personal injuries. Judgment for defendant. Plaintiff brings error. Affirmed.

*Jackson & Fitzgerald*, for appellant.

*Harry C. Howard*, for appellee.

BIRD, J. While defendant was engaged in moving a house on Forbes street in the city of Kalamazoo, the plaintiff, a boy of two years of age, took hold of a wire cable which was passing through a pulley and his hand was drawn into it and a portion of his thumb amputated. The pulley was fastened to a telephone pole in front of plaintiff's home, near where he was accustomed to play. The negligence with which the defendant was charged was his failure to protect the pulley with a mechanical guard and also for his failure to keep plaintiff away from the cable and pulley. A trial resulted in a verdict for defendant, and plaintiff complains of several errors committed by the trial court during the course of the trial.

The defendant was permitted to show that the

agencies employed in moving the building were the usual and customary ones in moving buildings, and that it would destroy the usefulness of the pulley to place a mechanical guard over or around it. This testimony was taken subject to the plaintiff's objection that it was incompetent to show what the custom was of other movers in that vicinity, and he argues that, because other movers were negligent, it would not excuse the negligence of the defendant. This testimony was admitted by the court, and the jury instructed that they had a right to consider it in determining whether the defendant was guilty of the negligence charged. We are of the opinion that this testimony was admissible. No complaint is made that the defendant was committing an unlawful act in moving the building upon the highway. The complaint in the declaration is aimed at the manner of doing the act. Ordinarily, when the question arises as to whether the doing of a lawful thing is done in a negligent manner, such testimony is admissible. *Larson* v. *Ring*, 43 Minn. 88 (44 N. W. 1078) ; *Kelly* v. *Railway Co.*, 28 Minn. 98 (9 N. W. 588) ; *Kolsti, An Infant,* v. *Railway Co.*, 32 Minn. 133 (19 N. W. 655) ; *Missouri, etc., R. Co.* v. *Holley*, 30 Kan. 474 (1 Pac. 554) ; *Boick* v. *Bissell*, 80 Mich. 260 (45 N. W. 55).

Complaint is also made because several witnesses were permitted to testify as to what the custom of defendant's employees was in watching and protecting the children who might gather around the apparatus. This testimony appears to be objectionable on the ground of incompetency (*Blanchette* v. *Railway Co.*, 175 Mass. 51 [55 N. E. 481]), but we do not think that the case should be reversed on this ground, as nearly all of the witnesses, after testifying upon the subject of custom, went into detail and related what was done by them on this particular day in protecting the children. Of course it was not

important as to what they were accustomed to do; it was what they actually did in watching and protecting the children that was important in determining the care which was exercised.

It appeared in the testimony that the plaintiff was left by the mother shortly before the accident in the care of Ray Hartkee, a boy 10 years of age, who was living in plaintiff's family. Hartkee testified upon cross-examination, over plaintiff's objection, that the reason the Slacks had him in the family was to take care of the children. It is said that this testimony was incompetent and harmful because it carried with it the inference that the mother was careless in caring for him and therefore contributed to his injuries. If this view were taken by the jury, it must have been dissipated by the charge of the court wherein he made it very plain that the plaintiff could not be charged with contributory negligence on account of his extreme youth, and further that he could not be charged with the negligence of his parents. By reason of this instruction, we think no harm resulted to plaintiff's case.

Several exceptions are taken to the charge of the court. Most of them involve the same questions as are raised by the objections to the admissibility of the testimony.

The charge in its entirety was a fair one, and we think the judgment of the trial court should be affirmed.

STEERE, C. J., and MOORE, McALVAY, BROOKE, KUHN, and STONE, JJ., concurred with BIRD, J.

OSTRANDER, J. (concurring). The brief for plaintiff and appellant is confined to discussion of certain alleged errors relating to the admission of testimony and to the charge of the court. The testimony objected to is substantive testimony offered by the defendant after plaintiff had rested as to the custom

of others in moving houses along the street and the custom of the defendant's own men. Error is also assigned upon a ruling refusing to strike out a single bit of evidence elicited on cross-examination from one of the witnesses for plaintiff. All of the rulings complained about are unimportant in view of the declaration of the plaintiff and the testimony offered in behalf of the plaintiff. The duty of the defendant "to provide a guard or protection so as to prevent this plaintiff from going near or coming in contact with said rope, wire, chain or cable, or the said wheel or pulley, and that it was the duty of the said defendant to so guard the said rope, chain, wire or cable, and the said wheel or pulley so that this plaintiff would not be injured as hereinafter described," is variously alleged in the declaration, but the proof that any such duty existed seems to me to be wholly lacking. It appears, it is true, that plaintiff, a two-year-old child, took hold of the wire cable running through a block and his hand was injured. It seems to be apparent that, if any person had in like manner taken hold of the wire cable when it was moving toward the block, he might have been injured. But it is not made to appear by allegations in the declaration or by plaintiff's testimony that the defendant owed any duty to use any other or different apparatus than the one in use; that the apparatus was in any way strange or the manner of using it not the common and proper way. Although the case does not seem to be relied upon by counsel for the plaintiff, *O'Leary* v. *Telephone Co.*, 146 Mich. 243 (109 N. W. 434), is the one which upon the facts comes nearest the case at bar of any decided by this court. In that case the justices were divided in their opinions, and in the opinions considerable reference is made to other decisions; the majority opinion sustaining the proposition that defendant's liability was a question for the jury is based entirely upon the fact that

children were meddling with the apparatus to the knowledge of the defendant's agents, a fact not present in the case at bar. See, also, *Iamurri* v. *Gas Co.,* 148 Mich. 27 (111 N. W. 884). Therefore, whether the testimony introduced by the defendant showing the custom of other house movers or the custom of his own men was rightly or wrongly admitted is wholly immaterial; and, inasmuch as the trial judge might very properly have directed a verdict at the close of plaintiff's case, there is no occasion to discuss the assignments of error based upon the charge. The jury returned a verdict for the defendant, and any other verdict should have been set aside by the court. The judgment ought to be affirmed.