## BUTLER v. WATSON.

1. NEGLIGENCE — LANDLORD AND TENANT — PERSONAL INJURIES — LANDLORD'S OBLIGATION TO THIRD PERSONS.

   Where defendants leased premises reserving a back porch for common convenience and use of all the tenants, and it extended across the rear of the entire building, they were liable to a minor child who was struck by a post that fell because insufficiently or insecurely nailed at the top, when it appeared that the infant was a guest of one of the tenants and was on the rear porch at the instance of a tenant, since the lessor was not governed by the general rule, in that he retained use of or control of the porch for the benefit of the several co-lessees.

2. SAME—COMMON USE—DUTY TO REPAIR.

   The lessors were liable to any guest or person rightfully on the property that was reserved for the common use of the occupants, and, not having let the reserved portion to any of the tenants, might be said to· be in control of the same, and it became their duty to exercise ordinary care for the safety of the persons about it.

3. SAME—PERSONS TO WHOM LIABLE.

   Though it was claimed by defendants that they had objected to the presence of children on the porch, and de-

clined to lease the property to any person with children, it could not be said that a child one year of age, who was left with the lessee by his grandparents, was wrongfully there.

4. SAME—CONTRIBUTORY NEGLIGENCE—CHARGE.

And the trial court was correct in charging the jury that the infant was too young to be guilty of contributory negligence; also, that any negligence of the grandparents would not preclude recovery.

5. SAME—CONJECTURE.

The manner of plaintiff's injury could not be said to have been conjectural when the only doubtful question was whether the post struck it directly, or knocked against the child the person who accompanied it, or struck the two in falling.

Error to Kent; McDonald, J. Submitted June 12, 1916. (Docket No. 37.) Decided September 27, 1916.

Case by Ethel Butler, an infant, by next friend, against Frank F. Watson and another for personal injuries. Judgment for plaintiff. Defendant Watson brings error. Affirmed.

*J. T. Preston,* for appellant.

*Rodgers & Rodgers,* for appellee.

MOORE, J. The plaintiff, who was at the time of the injury about one year old, sued defendants as the owners of the building and the lessors of Warren Wainwright, the grandfather of the plaintiff. It is her claim that she was injured by a falling post upon the rear porch of the building which was not properly nailed at the top. The building stands upon the north side of Lyon street in Grand Rapids. The front of the building is close to the sidewalk on Lyon street, and runs back, including the rear porches, a distance of 100 feet, with an alley in the rear running east and west. The rear porches run the entire width of

the building 65 feet, and are about 14 feet wide north and south. Through the center of the porch defendants had placed a row of posts about 12 feet long and 6 inches square. The porch was used by such of the tenants as had occasion to use it. The building which is two stories high was occupied by some six or seven families, and on the west end of the first floor by a store.

On the day of the accident Frank Mitchell, one of the tenants, with the consent of the grandmother, in the afternoon took the plaintiff by the hand and led it through the rear hall door on to the back porch. When he got as far as the center post near the foot of the stairway he saw the post opposite the store window starting to fall; he stepped forward to catch the post and he was knocked over, and the child was also knocked over, her leg was broken, and it is claimed was severely hurt otherwise. Her leg remained in a case for more than six weeks. Suit was brought. At the conclusion of the plaintiff's case a motion was made on behalf of the defendant to direct a verdict for the defendant, which motion was denied.

Among other defenses it was claimed that the post did not fall because it was defectively nailed, but that it had been loosened by the piling by some of the tenants of heavy logs against it. The trial judge charged the jury at considerable length. He stated to them fairly the claims of the parties. We make brief extracts from his charge:

"As to the law applicable in this case, I might say that as a general rule there is no obligation on the part of a man or landlord who rents a house to keep it in repair, and that he is not liable for injury resulting from such want of repair. I mean by that, that ordinarily there is no obligation on the part of a landlord to keep a rented house in repair. The owner can rent a house in any condition and the tenant takes it as he finds it, unless there is a special agreement

that the owner will put it in repair and keep it in repair, that is the general rule.  *  *  *

"In the absence of a special agreement the tenant takes the premises just as he finds them, but when a man leases a separate portion of a tenement building to different tenants, and as is claimed in this case, reserves control of the porch which is used in common by the tenants, it becomes his duty to keep the porch in a reasonably safe condition of repair, so that it may be reasonably safe for the uses to which it is put by the various tenants, but that is an exception to the general rule.  *  *  *

"Applying that rule of law to the case before us, I instruct you that if you find that the defendants leased the premises in question and reserved control of the rear porch to be used in common by all the tenants, then it became the duty of the defendants to keep the porch in a reasonably safe condition of repair so that it would be reasonably safe for the customary and ordinary uses of the tenants; in this case for Mr. Wainwright and his family. But if the defendants failed to perform that duty and because of such failure injuries resulted, the defendants would be liable.  *  *  *

"In most cases there is another element of the plaintiff's case, and that is that the plaintiff must show that she was not guilty of any negligence which contributed in any degree to the injury, but in his case the plaintiff at the time, as the proofs show, was a child of about one year of age and incapable of negligence which would contribute to her injury, and the negligence of any member of her family, her father or mother, or her grandparents, cannot be imputed to her, so that because of the tender age of the plaintiff, that element which is usually found in personal injury cases is not present in this case, and therefore it is not necessary for you to determine whether there was any contributory negligence.  *  *  *

"I instruct you that one tenant cannot recover for damages against the landlord for injuries occasioned by the acts or neglect of another tenant occupying the same or a portion of same premises, and I instruct you that if the post which fell was caused to fall by the neglect or careless act of Frank Mitchell, in the

use of said porch, then I instruct you the plaintiff cannot recover."

The jury rendered a verdict for $500. A motion for a new trial was made and denied. The case is brought here by a writ of error.

It is claimed by the defense:

(1) The plaintiff was not rightfully on the premises.

(2) That the Wainwrights were guilty of contributory negligence.

(3) That the manner of the plaintiff's injury is conjectural.

(4) That error was committed in relation to the admission of testimony that defendant Watson paid the doctor's bill.

(5) Wainwright and Mitchell had warning of the danger of piling the logs on the porch.

(6) The verdict is against the overwhelming weight of the evidence.

(7) Permanent injuries.

It is also claimed the charge of the court was argumentative and did not properly state the law of negligence.

1. Was the plaintiff rightfully on the premises? The claim that she was not is predicated upon the contention that in response to inquiries Mr. Wainwright, the grandfather of the child, stated when he rented the premises that the youngest member of his family was ten years or more old, and was told that defendants did not want to rent to parties having small children. Mr. Wainwright says he answered truly the question put to him as to the members of his family. The record shows that the mother of the child was separated from her husband and frequently made her home with her parents, Mr. and Mrs. Wainwright, and when she was at work the grandmother had charge of the infant.

A case in point is *Herdt* v. *Koenig*, 137 Mo. App.

589 (119 S. W. 56), where the plaintiff was but ten years of age. We quote:

"It appears that the plaintiff was an invited guest of the Burgher family, and at the time of his injury was at play with the Burgher children in the yard, which was common to all of the tenants. Although it is true that the landlord is not bound to keep leased premises in repair in the absence of a covenant to do so, and is therefore not responsible in damages for injury to the person of the tenant or his guest resulting from the failure to repair (*Ward* v. *Fagin*, 101 Mo. 669 [14 S. W. 738, 10 L. R. A. 147, 20 Am. St. Rep. 650]), the rule is otherwise touching the matter of a common yard or court which is not let entirely to the use of one, but is reserved by the landlord for the common use of several tenants. Where several portions of a building or property are let to different tenants, with a part in common for the use of all, there is an implied obligation imposed by the law upon the landlord to exercise reasonable diligence to keep such common portions of the property in reasonably safe condition for such purpose as may reasonably be anticipated to be a proper use of the property for which it is let. The rule proceeds upon the theory that in such circumstances the landlord not having let the common portion of the property to any one tenant, he has reserved the control thereof to himself. Having thus reserved control, it is his duty to exercise ordinary care for the safety of those about the same, other than trespassers, or mere licensees. That is, for the safety of all persons who are rightfully upon the premises. *McGinley* v. *Trust Co.*, 168 Mo. 257 (66 S. W. 153, 56 L. R. A. 334) ; *O'Connor* v. *Andrews*, 81 Tex. 28 (16 S. W. 628) ; *Dollard* v. *Roberts*, 130 N. Y. 269 (29 N. E. 104, 14 L. R. A. 238) ; *Nash* v. *Mill Co.*, 24 Minn. 501 (31 Am. Rep. 349) ; 18 Am. & Eng. Enc. Law (2d Ed.), p. 220. The principle extends as well to a common yard occupied by several tenants of the same property as it does to a common passageway, hall, or stairway. *Udden* v. *O'Reilly*, 180 Mo. 650 (79 S. W. 691). That this yard was common to all the tenants, is established beyond question. \* \* \* Plaintiff having been an invited guest of the Burgher

family, was neither a trespasser nor a mere licensee in contemplation of law, but on the contrary, he was rightfully upon the premises by an express invitation of the defendant's tenants and was therefore within the scope of defendant's obligation to exercise ordinary care for his safety. *Curtis* v. *Kiley,* 153 Mass. 123 (26 N. E. 421); *Roche* v. *Sawyer,* 176 Mass. 71 (57 N. E. 216). And where the property is let to a tenant for residence purposes, it is said such letting essentially contemplates that friends of the tenant's family will call upon and visit them, as is usual, without express invitation. Therefore the obligation of the landlord to exercise reasonable care, to the end of keeping the common portions of the property in repair, extends as well, on the doctrine of implied invitation, to friends of the tenant's family not expressly invited, who call or visit at their home. *Henkel* v. *Murr,* 31 Hun (N. Y.), 28."

In the case at bar the duty of the landlord did not rest upon any covenant to repair. It was a duty he owed by reason of the defective premises being in that portion of the premises over which the landlord retained control and which he did not rent to any tenant. Under these circumstances the landlord owed a duty to keep these premises in a safe condition, to every one who was rightfully there, including the tenants, their family, their guests, servants, and all those who were approaching or leaving their premises for legitimate purposes.

Whatever may be said as to what occurred between the older Wainwright and his landlord, it would be a harsh rule to say that a grandchild not a year old, left by its mother with its grandparents, was not rightfully on the premises.

2. The court told the jury that this infant child could not be guilty of contributory negligence, and that the conduct of the grandparents, if shown to be negligent, could not be held against it. The law applicable to this feature of the case is so fully discussed

in *Battishill* v. *Humphreys*, 64 Mich. 494 (31 N. W. 894), *Shippy* v. *Village of Au Sable*, 85 Mich. 280 (48 N. W. 584), *Boehm* v. *City of Detroit*, 141 Mich. 277 (10 N. W. 626), and *Slack* v. *Curry*, 177 Mich. 437 (143 N. W. 602), especially in the first-named case, that we content ourselves with simply calling attention to them.

3. Is the manner of the injury to the plaintiff conjectural? The only conjecture is whether the post struck both Mr. Mitchell and the child, or whether it hit the child first, or whether it knocked Mr. Mitchell down and he in turn. knocked the child down. The record is clear that the proximate cause of the injury was the falling of the post, which it was claimed was improperly nailed by Mr. Watson.

4. An examination of the record will show that because of the manner of drawing out the testimony about the payment of the doctor bill there was no reversible error.

5. This assignment of error is fully met by the charge of the court that if the injury was caused by Mr. Mitchell's piling logs against the post there could be no recovery. The other assignments of error have been examined and are without merit.

Judgment is affirmed.

STONE, C. J., and KUHN, OSTRANDER, BIRD, STEERE, BROOKE, and PERSON, JJ., concurred.