EDWARD L. LARSON *vs.* MARTIN RING and others.

April 2, 1890.

**Act Negligent in Itself—Evidence of Custom.**—An established usage or custom among men engaged in the same line of work cannot be given in evidence to justify or excuse the commission of an act negligent in itself.

**Same—Stretching Ropes across Streets—City Ordinance.**—A city ordinance, regulating the placing of guys and ropes across the public streets, cannot be introduced in evidence upon the trial of a case in which negligence is charged, for the purpose of showing at what distance above the street the authorities regarded it as safe and proper to stretch guys and ropes.

**Same—Grant of Privilege by City.**—A grant of powers and privileges by a city council to do certain things does not carry with it any immunity for private injuries which may result directly from the exercise of such powers and privileges.

Action brought in the district court for Hennepin county against defendants Ring & Tobin, partners, and the city of Minneapolis, to recover $5,000 for personal injuries. At the trial, before *Hooker*, J., the plaintiff introduced evidence tending to prove that about six o'clock in the evening of December 4, 1888, he was standing at the rear end of an express wagon, passing through 4th street in Minneapolis. The wagon was loaded with saloon furniture; the floor of the wagon was about three feet and four inches above the street-level, and standing on it was a mirror about five feet high. It was dark or growing dark, and as the wagon passed under a wire guy-rope, which the defendants Ring & Tobin had stretched across the street to sustain a derrick on an adjoining block, the rope caught the mirror, and, flying off from it, struck plaintiff on the head and threw him to the ground, causing the injuries complained of. The defendants introduced evidence tending to prove that the rope was more than 13 feet above the street at the place of the accident. They also introduced in evidence (the plaintiff excepting) the following ordinance of the city: "Posts may be set up on the side of the roadway opposite any derrick, for the purpose of attaching guy-lines. *  *  *  Guy-

lines attached to such posts shall be at least ten feet above the surface of the street." The court instructed the jury (the plaintiff excepting) that "it is not negligence to stretch that rope across the street unless you find that they have violated the ordinance; the mere fact that a guy-rope extended across the street was not negligence of itself—the mere stretching of a guy-rope across the street," and that if the rope was more than ten feet above the street at the place of the accident, the plaintiff could not recover without proof of other negligence than the mere placing of the rope across the street. The exception to the admission of evidence of custom offered by defendants is stated in the opinion. The jury found for defendants, a new trial was refused, and the plaintiff appealed.

*Thomas Canty*, for appellant.

*E. A. Campbell* and *J. E. Waters*, for respondents Ring & Tobin.

*Robert D. Russell*, for respondent the City of Minneapolis.

Collins, J.    Action for damages, based upon the alleged negligence of defendants Ring & Tobin, who were contractors engaged in the stone business, in stretching a guy from the top of a derrick, standing on private property, across a contiguous public thoroughfare, by which guy plaintiff claims he was swept from his wagon and injured.

1. The court erred in permitting defendants to show at what height or distance above the public ways it was usual for contractors to stretch or suspend guys and ropes. It is self-evident that the obstruction of a public street by the suspension of an article at an improper distance above its surface, by which, in the natural course of events, the passing traveller may be injured, is just as reprehensible as is the obstruction of the surface itself by the digging of a ditch or otherwise. In either case it is the act itself, and not the manner of performing it, which constitutes the invasion upon the paramount rights of the public. The established usage or custom cannot be allowed to justify or excuse that which is in fact negligence, and hence, if the defendant contractors negligently stretched the guy across the way,—that is, suspended it so low that the passer-by was liable to come in contact with it,—evidence that other contractors habitually did the same careless act was inadmissible. It only tended to show that other contractors were neglectful also. But this case should not

be confounded with those frequently arising, wherein the method and manner of performing certain work and doing certain acts are involved, and in which the alleged negligence of a party is not visible or apparent to the ordinary observer; such, for illustration, as would have arisen had the guy in question, put at a proper distance over the street, parted at one of its fastenings, and dropped upon the plaintiff. The usual manner of fastening, the custom among those engaged in such work, might then have been material and proper to aid the jury in determining whether the contractors had used due diligence, because their negligence would not necessarily be perceptible and manifest. It would depend largely, perhaps, on whether there had been adopted and used a way or means of fastening which, time, usage, and long experience had demonstrated to be reasonably safe.

2. The trial court also erred in receiving in evidence the city ordinance permitting and regulating the placing of guys and ropes over the streets. The undisputed testimony was that there had been no attempt to comply with the terms of the ordinance, and the avowed purpose of the defendants, when introducing it, was to show what was considered by the city authorities as a point of safety,—the distance from the surface of the street at which, in their judgment, it was proper to stretch a guy or rope. This was inadmissible and wholly immaterial; for the city authorities could not absolve the city, nor could they release the contractors, from the charge of negligence, if the guy or rope was not put high enough. A grant of powers and privileges by a city council to do certain things does not carry with it any immunity for private injuries which may result directly from the exercise of such powers and privileges. *Baltimore & Potomac R. Co.* v. *Fifth Baptist Church*, 108 U. S. 317, (2 Sup. Ct. Rep. 719.) See, also, *Sexton* v. *Zett*, 44 N. Y. 430. It follows, from our views upon the ruling in regard to the ordinance, that the court erred in its charge to the jury in relation to it. We discover no error in the other rulings complained of. A new trial must be had.

Order reversed.