# NICK ANDERSON v. PITT IRON MINING COMPANY.[1]

June 25, 1909.

Nos. 16,157—(180).

**Decision Followed.**
> The evidence being substantially the same, the decision on a former appeal is followed and applied. 103 Minn. 252.

**No Errors.**
> The record presents no reversible errors.

Action in the district court for St. Louis county to recover $30,-000 for personal injuries. After the former appeal, the case was

[1] Reported in 121 N. W. 915.

tried before Ensign, J., and a jury which rendered a verdict in favor of plaintiff for $3,900. From an order denying defendant's motions for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Washburn, Bailey & Mitchell,* for appellant.

*John R. Heino* and *Theo. Hollister,* for respondent.

BROWN, J.

This cause was heard on a former appeal, and is reported in 103 Minn. 252, 114 N. W. 953. On the former trial a verdict was returned for plaintiff, and defendant moved in the alternative for judgment notwithstanding the verdict or a new trial. The trial court denied the motion for judgment, but granted a new trial. Defendant appealed, and insisted that on the evidence presented plaintiff could not recover, and that judgment should be ordered in its favor. The facts are fully stated in the former opinion, and need not be repeated. We there held that the evidence made a case for the jury on the issue of defendant's negligence, and the cause was remanded for a new trial. A second verdict was returned for plaintiff, and defendant again appealed from an order denying its motion for judgment or a new trial.

1. An examination of the record on both appeals discloses no substantial difference in the evidence, and our conclusion, as before, is that a case for the consideration of the jury was made out, and we adhere to the former decision. At the suggestion of counsel, we have carefully re-examined the question, with the result stated. The evidence tends to show that the space to be timbered was much larger than usual, and that this fact created a greater danger from falling earth to those engaged in the work of timbering. The conditions were therefore unusual, and plaintiff, as formerly held, had the right to rely upon the assurance of the captain and shift boss that it was safe.

2. The assignments of error presenting questions not involved on the former appeal do not require extended mention. The trial court correctly stated to the jury the facts necessary to entitle plaintiff to a verdict, and there was no error in refusing the special

requests of defendant, for they were sufficiently covered by the general charge. Nor was there any error in the instructions to the effect that, on the evidence before the court, the mining captain and shift boss were vice principals, for whose orders and directions defendant was responsible. The objection to this instruction is that the shift boss is not shown by the evidence to have occupied the position of vice principal; but, on the contrary, that it does show that he was a fellow servant, for whose orders or negligence defendant should not be held to account. We are of opinion that the evidence brings both within the doctrine of vice principal. The case of Jemming v. Great Northern Ry. Co., 96 Minn. 302, 104 N. W. 1079, 1 L. R. A. (N. S.) 696, is not in point.

The charge on the subject of damages is perhaps open in a measure to the criticism of counsel, but no exceptions were taken at the trial, or suggestions made that the jury might be misled. The most that can be said on this subject is that the charge was indefinite, and the rule of Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754, applies.

Nor was there reversible error in the ruling of the court upon the admission or exclusion of evidence. The evidence of the general custom in mines of this kind of timbering the drifts at certain stages was admissible. Bergquist v. Chandler Iron Co., 49 Minn. 511, 52 N. W. 136. The case of Larson v. Ring, 43 Minn. 88, 44 N. W. 1078, cited by appellant, is not in point. In that case defendant attempted to show a general custom of others engaged in the same occupation in excuse for the negligent act charged against him, and the court held it inadmissible. Obviously a person charged with negligence cannot excuse his misconduct by proving the same misconduct in others; but as bearing upon the question of reasonable care either party may prove a custom adopted and followed generally by those similarly engaged.

The other assignments do not require special mention. We have examined them all, and discover no reversible error.

Order affirmed.