PHILIP E. BROWN, J., being absent on account of illness, took no part.

---

# PHILIP EMPEY v. WALTER D. LOVELL.[1]

## February 9, 1912.

## Nos. 17,388—(141).

**Offer of evidence.**

Action against a contractor engaged in laying water mains in streets of a village, for injuries to plaintiff's horse, which strayed at night and fell into an open trench. It was conceded at the trial that defendant was under legal obligation to exercise reasonable care, by the erection of guards and barriers, to prevent stray animals from getting into the trench. There was no guard along the trench save the excavated earth on one side and white lanterns posted at night. *Held:* The trial court properly rejected defendant's offer to show that other careful contractors erected no guards or barriers other than the pile of earth on one side. Within the conceded rule of responsibility this was wholly insufficient, and the failure to place other guards along the trench was negligence as a matter of law. [Reporter.]

Action in the district court for Waseca county to recover $200 damages for injuries to a horse resulting in his death. Defendant Lovell answered alleging the injury was caused through plaintiff's negligence. The case was tried before Childress, J., who dismissed the action as to the village of Janesville, and a jury which returned a verdict in favor of plaintiff for $175. From an order denying

---

[1] Reported in 134 N. W. 289.

[Note] As to liability for act of independent contractor affecting safety of highway, see note in 17 L.R.A.(N.S.) 758.

Liability of highway contractor for dangerous conditions where municipality, county, or town is not liable, see note in 27 L.R.A.(N.S.) 1009.

his alternative motion for judgment notwithstanding the verdict or for a new trial, defendant Lovell appealed. Affirmed.

*B. H. Bowler,* for appellant.

*L. D. Rogers* and *Moonan & Moonan,* for respondent.

PER CURIAM.

Defendant Lovell was engaged under a contract with defendant village in laying water mains in some of the public streets of the village. He had excavated a trench along one of such streets about seven feet deep, but failed to erect any guards or barriers to prevent persons or animals from falling into the same, save as the earth thrown upon one side of the trench, with lanterns at night, might serve as such. A horse belonging to plaintiff, at some time during the night slipped his halter and escaped from the barn of plaintiff, which was located upon this particular street, and got into the trench, receiving injuries which caused his death. Plaintiff brought this action for the value of the horse, charging negligence in the failure of defendants to erect suitable barriers along the sides of the trench. The action was dismissed as to the village, and proceeded to trial as against defendant Lovell alone. Plaintiff had a verdict, and Lovell appealed from an order denying his alternative motion for judgment or a new trial.

It is contended on this appeal that the evidence fails to establish actionable negligence on the part of defendant, that plaintiff's contributory negligence affirmatively appears, and, therefore, that the trial court erred in not awarding judgment for defendant notwithstanding the verdict. Our examination of the record leads to the conclusion that the evidence made both questions issues of fact for the jury, and that the verdict is sufficiently supported.

It was conceded on the argument, and such seems to have been the theory of the trial, that defendant was under legal obligation to exercise reasonable care, by the erection of guards and barriers, to protect stray animals from getting into the trench. In view of this concession, and the fact that no guards whatever were placed along the trench, save the excavated earth upon one side thereof, upon which white lanterns were posted at night, it is clear that the court properly rejected defendant's offer to show that other careful contractors performed similar work in the same manner, erecting no guards or barriers other than the pile of earth thown out. This was, within the conceded rule of responsibility, wholly insufficient, and the failure to place other and more appropriate guards along the trench was negligence as a matter of law. The custom of other contractors showing a similar failure was, therefore, not competent, and was properly ruled out. Larson v. Ring, 43 Minn. 88, 44 N. W. 1078. The bank of earth along the trench, with lanterns at night, would no doubt serve as a

warning of danger to persons approaching the same, but clearly not as to animals running at large.

Order affirmed.

PHILIP E. BROWN, absent on account of illness, took no part.