# 𝕎𝕦𝕥𝕙𝕖𝕧𝕚𝕝𝕝𝕖

## COOK'S ADMINISTRATOR v. CITY OF DANVILLE.

### June 11, 1914.

Absent, Cardwell, J.

1. MUNICIPAL CORPORATIONS—*Streets—Reasonably Safe.*—A city is not required to make its streets safe for travelers but fulfills its duty when it makes them reasonably safe for those exercising reasonable care for their own protection.

2. MUNICIPAL CORPORATIONS — *Streets—Obstruction—Warning—Judicial Notice.*—The usual and customary method of giving notice that a city street is undergoing repairs is to stretch a rope across it. It is a matter of common knowledge that where the use of a street is being temporarily obstructed ropes are stretched across to give warning to the public.

3. MUNICIPAL CORPORATIONS—*Streets—Obstructions—Notice—Ropes.*—Travelers upon a highway are expected to use their senses and to take reasonable precautions for their own safety, and to a person in his senses and in the exercise of reasonable care a rope three quarters of an inch in diameter stretched across the street is reasonably sufficient notice to guard against accidents.

Error to a judgment of the Corporation Court of the city of Danville in an action of trespass on the case. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Scott & Buchanan* and *B. H. Custer,* for the plaintiff in error.

*E. Walton Brown,* for the defendant in error.

.  Keith, P., delivered the opinion of the court.

This was a suit brought by Cook's administratrix against the city of Danville to recover damages for the death of her intestate, occasioned by the negligence of the defendant in error.  The declaration shows that the city of Danville, upon which was imposed by its charter the duty of keeping its streets in a reasonably safe condition, was engaged at the time of the occurrence to be investigated in making repairs upon one of its streets, and in the course of its operations stretched a rope across the street, and the plaintiff's intestate, while riding upon a motorcycle, came in contact with the rope, was thrown from the motorcycle and sustained the injuries from which he died.

The work upon the street was at the intersection of two streets and ropes were placed across each one of the four sections so as to enclose within a quadrilateral the part of the street at which the work was being done.  The averment of the declaration upon which the plaintiff must base her right to recover is as follows:

"Plaintiff further avers that said intestate, before and at the time of the injury aforesaid, was operating his machine in a reasonably safe manner, without notice of any danger whatsoever, at the time and place aforesaid, or even of the existence of said rope across said street, and he received the injuries as aforesaid, which resulted in his death as aforesaid, by reason of the negligence of the defendant as aforesaid, to-wit: In placing said rope across said street, without notifying the public and especially the plaintiff, in the use of said street, with his motorcycle as he had used it prior thereto."

There was a verdict for the plaintiff, subject to the defendant's demurrer to the evidence, and judgment was entered for the defendant, to which a writ of error was awarded by this court.

The proof shows that the rope was three-fourths of
an inch in diameter, that it was weather-stained and
dark—as the witnesses describe it, of a brown color.  It
was the duty of the city of Danville to keep its streets in
a reasonably safe condition for the use of persons exer-
cising reasonable care in passing over them.  A city is
not required to make its streets safe for travelers, but
fulfills its duty when it makes them reasonably safe for
those exercising reasonable care for their own protec-
tion.

The city was making some repairs at the intersection
of two streets, and it pursued the usual and customary
method in such cases of stretching ropes across each one
of the four approaches to the intersection, so as to warn
travelers of the interruption to the use of the streets.
The proof shows that the course pursued by the city was
in conformity with the customary practice of cities in
such cases; indeed, in the absence of evidence upon the
subject, it is a matter of common knowledge that where
the use of a street is being temporarily obstructed, ropes
are stretched across to give warning to the public.  Trav-
elers upon a highway are expected to use their senses
and to take reasonable precaution for their own safety,
and to a person in the possession of his senses and in
the exercise of reasonable care a rope three-fourths of
an inch in diameter stretched across the street is rea-
sonably sufficient to guard against accident.

The case of *Newport News and Old Point Ry.* v.
*Clark's Admr.* 105 Va. 205, 52 S. E. 1010, 6 L. R. A. (N.
S.) 105, 115 Am. St. Rep. 868, was, we think, a stronger
case for recovery than the one under consideration.  In
that case the railway company, in compliance with the
requirement of the municipal authorities, had removed
its poles inside the curb line of the sidewalk in the town
of Phoebus, and was engaged in repairing and stringing

wires on its poles. By the company's order a rope three-fourths of an inch in diameter was stretched across the sidewalk. The object in erecting this barrier was to warn pedestrians not to pass under the poles on which the men were at work, and thus to protect them from molten lead used in repairing wires, and from tools carried up on the poles by the linemen, which were liable to fall upon and injure persons passing along the sidewalk beneath. This being the situation, a little girl between nine and ten years of age, while running with a companion on her way to school, came in contact with the rope, which passed under her chin, and she was thrown backward upon the pavement, sustaining injuries from which she died. The jury found a verdict for the plaintiff, and this court, reviewing the case upon a writ of error, said: "The instrumentality (a three-quarter rope) employed for the purpose of warning the public, was not *per se* a dangerous appliance. It was manifest to the ordinary observer, and in the light of experience, the accident which befell the child could not reasonably have been anticipated. The uncontradicted evidence and collective experience of all the witnesses who testified on the subject is that they had never known or heard of such an accident before." It was rightly held in that case, though the person injured was a child of immature years, that no actionable negligence had been shown, and the judgment for the plaintiff's intestate was reversed.

In the case before us, the defendant in error was engaged in the performance of its duty. The only act attributed to it as a basis for the recovery of damages against it is the stretching of a three-quarters rope from one side of the street to the other in plain view, into which the plaintiff's intestate rode upon a motorcycle and sustained the injury for which this suit was brought. It is unnecessary to inquire whether or not he was guilty

of contributory negligence.  Upon the view we have taken of the case, the inquiry never reached that point, as no actionable negligence upon the part of the city of Danville has been shown; and for this reason the judgment of the corporation court is affirmed.

*Affirmed.*