## O. C. IHLEN v. VILLAGE OF EDGERTON.

## NICHOLINE IHLEN v. SAME.

### June 7, 1918.

### Nos. 20,865, 20,866.

**Negligence of village — question for jury.**

1. Whether the defendant, a village, was negligent in the manner in which, by means of a rope, it attempted to temporarily barricade a portion of its streets against drivers of vehicles was a question for the jury.

**Municipal corporation — barrier in street — contributory negligence of driver.**

2. Whether plaintiffs in driving their automobile against this rope were negligent was under the evidence for the jury and not the court.

Two actions in the district court for Pipestone county to recover $1,000 and $400, respectively, for personal injuries received. The an-

[1]Reported in 168 N. W. 12.

swers alleged that plaintiff's husband had defective eyesight to such an extent that he was not qualified or competent to drive an automobile; that his vision was impaired so that he was unable to see objects on the highway a few feet distant; that on August 27, 1915, the street was barricaded with a rope stretched across it because of a celebration then taking place; and that due care and diligence were used.

The cases were tried together before Dean, J., acting for the judge of the Thirteenth judicial district, who denied defendant's motion for directed verdicts, and a jury which returned a verdict for $50 in favor of O. C. Ihlen and for $112 in the favor of Nicholine Ihlen. From the judgments entered pursuant to the verdicts, defendant appealed. Affirmed.

*C. T. Howard,* for appellant.

*Morris Evans,* for respondents.

HOLT, J.

The village of Edgerton had a celebration on August 27, 1915. At the intersection of Main street, running north and south, and Maple street, running east and west, a temporary band stand was erected. It was some 4 or 5 feet high and about 24 feet wide, east and west, and extended to within 10 or 15 feet of the north cross-walk of Maple street. The streets are about 100 feet wide, including sidewalks. This left a passage in the vehicle traveled part of Main street of at least 25 feet on each side of the band stand. But to prevent travel there, while any feature of the celebration was taking place upon or about the stand, ropes were stretched across the streets. One of these ropes passed from a telephone pole at the east sidewalk of Main street to a telephone pole at the west sidewalk at about the place of the north cross-walk of Maple street. The rope was stretched at about the height of 5 feet. To it was tied a flag on either side of the band stand, and also some streamers. About 2:30 in the afternoon the plaintiff, Mr. Ihlen, a man 72 years old, with his wife, 10 years younger, came to Edgerton in their automobile, Mr. Ihlen driving. They drove south

on Main street towards Maple street.  They failed to see the rope in time, and drove against it.  The windshield and top of the automobile were damaged, and some injuries inflicted on both occupants.  Each sued the village, alleging an unlawful and negligent obstruction of the street as the cause of the damage sustained.  The cases were tried together and a small verdict returned for each plaintiff.  The village appeals from the order denying its motion, in the alternative, for judgment notwithstanding the verdict or a new trial.

No complaint is made of any rulings at the trial or of the instructions to the jury.  However, it is earnestly contended that not only was no actionable negligence proven against the village, but its exercise of due care in the premises is conclusively demonstrated, and further that the contributory negligence of each plaintiff appears as a matter of law.  It will serve no useful purpose to attempt to state the substance of the testimony.  We merely suggest that the jury, in determining whether the rope barricade was negligently placed and maintained, had a right to consider that aged people, whose vision is dimmed and power of quick observation impaired, drive on village streets as well as the young, keen-eyed and alert; the jury might conclude that the unusual display of bunting around the stand and flags in close proximity, would so attract the travelers on the street that they would likely not notice the small rope coming in between and considerably in front of the large, gaily decorated stand; it might also occur to the jury that inexperienced automobile drivers would come into town, and that such persons are so bent upon observing the contour of the ground, along the narrow path in which they intend to guide the wheels of the vehicle, that they would not be apt to observe a rope stretched some 4 feet above the ground, unless it was specially made conspicuous; the jury also had a right to consider that another automobile driver had run into this very rope that morning soon after it was strung.  The rope was not new and perhaps on that account less noticeable.  There was also evidence indicating that because of the sag of the rope the flags and streamers, if in fact fastened as testified to by some of defendant's witnesses, had moved to the center of the street giving the appearance to a driver coming from the north that these decorations were part of the band stand, leaving the rope bare where Mr. Ihlen

drove under.  To find the village streets roped off is perhaps a rather novel experience for farmer folk, and the jury might well find that, when it is attempted, due care required that more effective notice of the barricade be provided than was done in this case.  The question whether, in this instance, the instrumentality employed, to temporarily close a part of the street to vehicle travel, was so improperly or negligently placed and maintained that it failed to give adequate notice of its existence, seems to us to be peculiarly one for the jury.

What has been said applies also to the claim that plaintiffs were guilty of contributory negligence; but we may add that the evidence justified the conclusion that Mr. Ihlen drove slowly at the time and kept his attention directed to the path he was traveling.  Because others, who knew that the street was barricaded, could detect the rope at quite a distance, it does not follow that the Ihlens, who did not suspect that situation, were necessarily negligent in failing to see the rope.  We are not able to say that their negligence is conclusively made to appear.  The evidence both as to negligence and contributory negligence was such that the jury could have found either way.  We see no sufficient reason for disturbing the verdict.

Order affirmed.