KAUFMAN BEEF COMPANY, for the Use of Travelers Insurance Co., et al.

vs.

# UNITED RAILWAYS AND ELECTRIC COMPANY OF BALTIMORE et al.

*Motor Truck in Street—Negligence of Driver—Avoidance of Obstacle—Instruction—Segregation of Facts.*

In an action for the death of the driver of a motor truck, who was thrown therefrom as the result of the truck striking a package of papers intentionally dropped in the street from defendant's northbound street car, an issue having been raised by the evidence as to whether the car from which the package was dropped was so immediately ahead of the truck that deceased had no opportunity to see the package and avoid striking it, an instruction that the jury should render a verdict for defendant company if they should find "that there was no northbound car immediately opposite or ahead of the truck at the time the truck struck the bundle of papers," was proper.  p. 527

The driver of a motor truck who failed to turn aside from an impediment in the street, such as a bundle of newspapers of a size sufficient to throw the truck off its course upon striking it, and which could be seen from a considerable distance, is chargeable with negligence, unless he was deprived of the opportunity to discover its presence and escape the danger by circumstances for which he was not responsible.  p. 527

An instruction is not objectionable because it involves the segregation of a particular fact for the consideration of the jury, provided the facts which it omits do not support a conclusion different from that with which the prayer is concerned.

p. 528

Plaintiff was not prejudiced by the giving of an instruction, as requested by defendant, which submitted the only possible

theory as to the absence of contributory negligence, although it omitted to deal with the effect of the other evidence in the case, all of which was unfavorable to plaintiff's theory in reference to the issue to which the prayer was directed. p. 528

The direction of a verdict for one of the two defendants for lack of evidence of negligence on its part is not cause for reversal, when such ruling could not have affected the issue subsequently presented to the jury, or the verdict rendered for the other defendant, under an instruction which was properly given as to contributory negligence on the part of plaintiff. p. 529

*Decided January 13th, 1920.*

Appeal from the Court of Common Pleas of Baltimore City (AMBLER, J.).

The cause was argued before BOYD, C. J., BURKE, THOMAS PATTISON, URNER, STOCKBRIDGE and ADKINS, JJ.

*Frank Gosnell,* with whom were *William L. Rawls* and *Marbury, Gosnell & Williams* on the brief, for the appellants.

*D. K. Este Fisher* and *J. Pembroke Thom,* with whom was *J. Stanislans Cook* on the brief, for the appellees.

URNER, J., delivered the opinion of the Court.

The appellant's employee, while engaged in the performance of his duty as driver of its motor truck, was killed in a collision of the truck with a car of the United Railways and Electric Company of Baltimore. The accident was due to the fact that one of the wheels of the motor truck ran over a bundle of *Saturday Evening Posts,* which had been cast into the street from a northbound car, and the truck, which was also proceeding northwardly, had its steering gear dis-

arranged by the jar resulting from its contact with the package of papers, and was thus caused to swerve from its course and collide with a street car on the southbound track. Compensation having been awarded to the dependents of the deceased employee by the State Industrial Accident Commission, the pending subrogation suit, as permitted by statute (Code, Art. 101, Sec. 58) was brought by the appellant as employer, against the United Railways and Electric Company and the Curtis Publishing Company, the latter corporation being the publisher of the papers which figured in the accident.

At the close of the plaintiff's testimony a verdict was directed for the Curtis Publishing Company on the ground that no evidence had been offered legally sufficient to prove that it was responsible in any way for the injury on account of which recovery is sought in this suit. The trial then proceeded against the United Railways Company and resulted in an undirected verdict in its favor.

The most strongly urged exception in the record was taken to the granting, on behalf of the remaining defendant, of a prayer which is said to involve an improper and injurious segregation of facts. In order that the prayer may be understood, in its relation to the issue which developed at the trial, only a brief reference to the testimony is required.

The principal witness for the plaintiff was Thomas Lewis, who testified that he was seated in the motor truck beside the driver whose life was lost in the accident, and that the bundle of papers was dropped off the moving northbound street car just as the front of the truck was about opposite the rear end of the car, and that there was not sufficient time for the driver of the truck to avoid the obstacle thus placed in his way. The accident happened in the afternoon, and the package was a plainly visible object in the street. But the testimony of Lewis that it was thrown from the car when the truck was too close to turn aside from the obstruction tended to relieve the driver of any imputation of contributory neg-

ligence. All the other witnesses, however, on both sides of
the case, who were questioned on the subject, testified in
effect that the car from which the papers were dropped had
gone northward sometime before the truck reached the place
where they were deposited. According to this testimony
there was ample opportunity for the driver of the truck to
see and avoid the obstacle. If in fact the package had been
thrown into the street and was visible to the driver long be-
fore he arrived at the spot where it was lying, there could be
no escape from the conclusion that in allowing one of the
wheels of the truck to run over it he directly contributed to
his fatal injury. If it was primary negligence for the motor-
man on the street car to drop the bundle of papers in the
street, it was certainly contributory negligence on the part
of the chauffeur to fail to avoid that object, provided there
was time and space to accomplish that result by the exercise
of due care. The same possibility of danger to traffic which
would make it negligent for the motorman to place such an
object in the street, would make it incumbent upon those
using the street to exercise a proper degree of care to avoid
the danger. It is an undisputed fact that the package could
be seen from a considerable distance. A driver who failed
to turn aside from such an impediment would be chargeable
with negligence directly contributing to injury sustained
from contact with it, unless he was deprived of the opportu-
nity to discover its presence and escape the danger by cir-
cumstances for which he was not responsible. *Knight* v. *Bal-
timore City*, 97 Md. 647. The question, therefore, as to
whether the parcel of papers was thrown into the street from
a car passing just ahead of the motor truck became a deci-
sive inquiry in the case. It was a question of fact upon
which the whole issue of contributory negligence depended.
The defendant consequently proposed by one of its prayers
to have the jury instructed to render a verdict in its favor
if they should find "that there was no northbound car imme-
diately opposite or ahead of the truck at the time the truck

struck the bundle of papers." This was a simple and practical way of presenting one of the important issues of fact which the jury had to determine. As decisive of the question of contributory negligence it was sufficient for the jury to find whether the northbound car from which the papers were thrown was immediately opposite or ahead of the motor truck. If this was the fact, as the plaintiff's witness Lewis testified, then contributory negligence on the part of the driver could not be inferred. But if the jury believed the testimony of the other witnesses that the car which had carried the papers was far beyond the scene of the accident when it occurred, and that hence the package must have been in the street for a period of time which afforded the driver of the truck ample opportunity to see and avoid it in the exercise of ordinary care, then the inference of contributory negligence was inevitable.

The prayer referred to undoubtedly involved a segregation of facts, but that did not render it objectionable in view of the conditions we have described. The conclusion which it permitted could be reached consistently with all the other facts as to which testimony had been offered. A prayer may segregate a particular fact for the consideration of the jury provided the facts which it omits do not support a conclusion different from the one with which the prayer is concerned. *Hart* v. *Leitch,* 124 Md. 83; *Dolby* v. *Laramore,* 121 Md. 624; *Darrin* v. *Whittingham,* 107 Md. 52. This rule was not violated by the granting of the prayer in question. It really submitted the only theory as to the absence of contributory negligence upon which the plaintiff could rely. The only evidence which tended to exonerate the chauffeur from such negligence was that which described the car from which the papers were dropped as being just beyond the truck when the package was thrown from the front platform. This evidence was taken into full consideration by the prayer. The plaintiff was not prejudiced by the omission of the prayer to deal with the effect of the other evidence, all of

which was unfavorable to the plaintiff's theory in reference to the issue to which the prayer was directed.

The only other granted prayer of the defendant submitted the question of contributory negligence to the jury in general terms and in the usual form. There was no evidence legally sufficient to charge the Curtis Publishing Company with any responsibility for the accident, and the prayer to withdraw the case from the jury as to that defendant was properly granted. But it is evident that a different ruling on this prayer would not have aided the plaintiff, as it could not have affected the issue presented to the jury, or the verdict rendered, under the prayer we have first considered. There was no error in the exclusion of the evidence to which the four remaining exceptions refer. They are rendered unimportant by our disposition of the other questions raised by the record.

*Judgment affirmed, with costs.*