# ISAAC FINKELSTEIN ET AL.

## *vs.*

## JOSEPH MORGANSTERN ET AL.

*Sale of Goods—Delivery of Part—Refusal to Accept—
Instructions.*

Where an order for goods, the acceptance of which was indicated by the shipment of part of the goods, contained a stipulation that the goods were to be delivered at once, and it was evidently not intended that a delivery of part of the goods might be deferred, the purchasers had a right to refuse to accept the part shipped, on the vendors' refusal to ship the balance until they received a payment on account.          p. 390

A printed provision of an accepted order for goods that "the amount of credit extended or to be extended hereunder may be limited or terminated by seller at any time with respect to undelivered merchandise, in which event seller may at its option ship same cash on delivery, or demand cash in advance of shipment," *held* to be intended to enable vendors to limit or terminate credit with respect to goods which were undelivered consistently with the contract of sale, and not to apply when there was a specific provision for immediate delivery.          p. 391

On an issue as to the right of a purchaser of goods to refuse to accept a portion thereof, when the vendors withheld the balance, it was proper in an instruction to emphasize the question of the intention as to whether all the goods were to be shipped at once, since an instruction may segregate a **particular fact** for the consideration of the jury provided the facts which it omits do not support a conclusion different from the one with which the prayer is concerned.          pp. 391, 392

In an action for the price of goods shipped, in which the defense was asserted that other goods, which were included in the contract of sale and were to be shipped at the same time, were withheld by the vendors, there was no inconsistency between a statement in defendants' prayer that they had a right to refuse to accept a part of the goods if all were intended and agreed to be delivered simultaneously, and the direction in plaintiffs'

prayers of a verdict in their favor if the defendants accepted
the goods shipped.                                          p. 392

That a granted prayer of plaintiffs described the contract of
sale as divisible, thus conflicting with a granted prayer of de-
fendants which properly stated that defendants had a right to
refuse to accept part of the goods if all were intended and
agreed to be delivered simultaneously, was an error beneficial
to plaintiffs, of which they could not complain, their theory, as
stated in their granted prayers, being that their right to a ver-
dict depended on a finding by the jury that the shipment for
which recovery was sought had been actually accepted by de-
fendants, and the verdict rendered for the latter showing that
the evidence failed to prove such an acceptance to the satisfac-
tion of the jury.                                      pp. 392, 393

That a judgment be reversed because of the grant of re-
pugnant prayers, the verdict must possibly have been influenced
thereby to the injury of the party against whom it was ren-
dered.          ·                                            p. 393

The grant of a prayer that if the plaintiffs and defendants
were found from the evidence to have entered into a contract,
they were bound by its provisions, was not ground for com-
plaint on appeal, it not being apparent how either the appel-
lants or the appellees could have been injured thereby.     p. 393

*Decided January 9th, 1924.*

Appeal from the Superior Court of Baltimore City (DAW-
KINS, J.).

Action by Isaac Finkelstein and Herman Finkelstein, co-
partners trading as L. Finkelstein & Sons, against Joseph
Morganstern, Nathan Morganstern and Louis Morganstern,
trading as J. Morganstern & Sons, for the price of goods
sold. From a judgment for defendants, plaintiffs appeal.
Affirmed.

The cause was argued before BOYD, C. J., THOMAS, PATTI-
SON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Jacob S. New,* with whom were *G. W. S. Musgrave* and *Sidney A. Goodman* on the brief, for the appellants.

*Lewis W. Lake,* for the appellees.

URNER, J., delivered the opinion of the Court.

An order signed by the appellees in Baltimore, on February 26, 1920, and addressed to the appellants in New York, called for the delivery "at once" of fifteen pieces of style 7614 serge cloth, and fifteen pieces of style 7301 of the same material, at designated prices, payable in sixty days. The purchase was procured by the appellants' salesman, and the order was in terms subject to their acceptance and to certain printed conditions. The words "at once" were written in a blank space after the printed words "delivery about" on the order form presented by the salesman. Immediately upon their receipt of the order, the appellants shipped fifteen pieces of style 7614 serge to the appellees, but suspended delivery of the specified quantity of style 7301 pending further investigation of the appellees' financial responsibility. After some correspondence between the parties on that subject, extending over a period of ten days, in the course of which the appellants requested payment of $2,000 on account before shipment of the goods not yet delivered, the appellees returned the serge already received and wrote the appellant to cancel the unfulfilled order. The appellants assented to the rescission as to the fifteen pieces of style 7301 serge which had not been shipped, but demanded payment of the contract price, amounting to $2,678.12, of the style 7614 serge which had been delivered and returned, and which the appellants, as they assert, now hold at the appellees' risk. The trial of this suit by the appellants to recover the sum thus claimed has resulted in a judgment for the appellees, which is the basis of the present appeal. The only exceptions relate to certain instructions to the jury.

There was a conflict in the testimony as to the circumstances under which the order for the goods was prepared and signed. The salesman who obtained it from the appellees

testified that as originally signed it called only for fifteen pieces of 7614 serge, and that the other item, of fifteen pieces of 7301 serge, was inserted at a later hour of the same day as a result of further negotiations. According to the testimony of the appellees, both orders were given at the same time and were included in the agreement of purchase when it was signed, and delivery at once of both quantities of the serge was stipulated because both were needed for simultaneous use in the manufacture of clothing.

The trial court granted an instruction, at the request of the appellees, that if they ordered the goods mentioned in the offer to buy, and it was intended that all the goods should be shipped at the same time, and they so notified the salesman of the appellants when the order was given, then the appellees "had the right to refuse to accept a part of the goods mentioned in said offer to buy until all the terms of the contract had been complied with by the seller."

The Uniform Sales Act provides (sections 44, 45; Code, art. 83, secs. 65, 66):

"Where the seller delivers to the buyer a quantity of goods less than he contracted to sell, the buyer may reject them; but if the buyer accepts or retains the goods so delivered, knowing that the seller is not going to perform the contract in full, he must pay for them at the contract rate.

"Unless otherwise agreed, the buyer of goods is not bound to accept delivery thereof by instalment."

The stipulation of the order in this case was that the goods ordered were to be delivered at once. The acceptance of the order by the appellants was indicated by the shipment of part of the goods, one of the printed conditions on the order form being that the "seller may at his option accept this order in writing or by shipment of the merchandise or any part thereof." It was clearly not the purpose of the order that delivery of a portion of the goods might be deferred. The contract required the immediate delivery of all the goods which it described. This was a duty which the appellants

could assume only as a whole, and they were not entitled to qualify it in part by imposing a new condition to which the appellees had not agreed. *Hazel Hill Canning Co.* v. *Roberts,* 129 Md. 306. The instruction to which we have referred was, therefore, correct in principle and was properly granted, unless that conclusion is prevented by the following printed provision of the contract:

> "The amount of credit extended or to be extended
> hereunder may be limited or terminated by seller at
> any time with respect to undelivered merchandise, in
> which event seller may, at its option ship same cash
> on delivery, or demand cash in advance of shipment
> and store the merchandise at seller's place of business
> or elsewhere at risk and for account of buyer, and
> buyer agrees in either such event to accept the mer-
> chandise upon such terms."

It was the evident purpose of that provision to enable the appellants to limit or terminate credit with respect to goods which were undelivered consistently with the contract of sale. The retention of half of the goods for a considerable period of time was contrary to the specific provision for im- mediate delivery in the accepted offer of purchase. It was optional with the appellants to either accept or reject the order, but its acceptance involved the obligation to comply with its requirements. The printed provision upon which the appellants rely, and which we have quoted, does not afford us any adequate reason to hold that the instruction referred to was erroneous.

The instruction was further objected to because of the emphasis it placed upon the question of intent in regard to the time of the delivery of the goods. That was the essential issue in the case. If the order for the goods was accepted by the appellants, with the understanding and agreement that they were all to be delivered at the same time, the appellees would undoubtedly have the right to refuse partial shipment. Upon that inquiry the decision of the case was wholly de- pendent. If answered in favor of the theory on which the

prayer was offered, the result would be sustainable as against any other facts which the evidence might be found to present. In *Kaufman Beef Company* v. *United Rwys.*, 135 Md. 528, an instruction was held valid as against a similar objection, because the issue of fact which it specified was decisive, and it was said: "A prayer may segregate a particular fact for the consideration of the jury provided the facts which it omits do not support a conclusion different from the one with which the prayer is concerned. *Hart* v. *Leitch*, 124 Md. 624; *Darrin* v. *Whittingham*, 107 Md. 52." The objection now being considered must, therefore, be overruled.

It is argued also that there was no evidence in the case upon which to base the inquiry, proposed by the instruction, as to the appellees having notified the salesman of the appellants, when the order was given, of their intention to have all the goods shipped at the same time. There is testimony in the record which, as we understand it, tends to prove such an expressed intention.

The court below granted two prayers of the appellants which authorized a verdict for them if the jury should find from the evidence that the appellees agreed to buy from the appellants fifteen pieces of 7614 serge at $2.35 per yard, and signed the order offered in evidence, and that the goods thus described were shipped and delivered to the appellees, and were by them accepted. One of these prayers began with th statement that the contract mentioned in the testimony is "on its face divisible." It is contended that these instructions were in conflict with the one obtained by the appellees which we have discussed. There was no inconsistency between the statement in the appellees' prayer that they had the right to refuse to accept a part of the goods if all were intended and agreed to be delivered simultaneously, and the direction in the appellants' prayer of a verdict in their favor if the appellees actually accepted the shipment to which the prayers refer. But the recognition of such a right by the appellees' prayer is said to be repugnant to the description of the contract as divisible in one of the prayers granted at the appel-

lants' instance. Assuming the prayers to be in conflict to that extent, we would not be justified, under the conditions here shown, in reversing the judgment for that reason. According to the theory of the appellants, as stated in their granted prayers, their right to a verdict depended upon a finding by the jury that the shipment of goods for which recovery was sought had been actually accepted by the appellees. The verdict shows that the evidence failed to prove such an acceptance to the satisfaction of the jury. The description of the contract as divisible, in so far as it may have conflicted with the theory of the appellees' prayer, which we have approved, was an error of which the appellants had the benefit and hence have no reason to complain. The decision of the jury on the issues of fact was consistent with the principle of the instruction which we have held to be correct. In the cases, cited by the appellants, where repugnant prayers were granted, and the judgments reversed on that ground, the verdicts had possibly been influenced, to the injury of the parties against whom they were rendered, by the instructions which were disapproved on appeal. *Wash., B. & A. R. Co.* v. *State, use of Hall,* 136 Md. 103; *Williar* v. *Nagle,* 109 Md. 75; *Balto. & O. R. R. Co.* v. *Blocher,* 27 Md. 277; *Adams* v. *Capron,* 21 Md. 186; *Haney* v. *Marshall,* 9 Md. 194. In that respect there is a material difference between those cases and the one now being decided. There was no error in the instructions we have reviewed by which the appellants can be held to have been prejudiced.

The only other prayer to which the exceptions relate was the one offered by the appellees, and granted by the court, which instructed the jury that if the appellants and appellees were found from the evidence to have entered into a contract, they were both bound by its provisions. It is not apparent how either the appellants or the appellees could have been injured by such a general statement as to the mutually binding effect of the contract upon which they both relied.

*Judgment affirmed, with costs.*