JULIUS MILLER *v.* MAYOR & CITY COUNCIL OF BALTIMORE.

[No. 22, October Term, 1931.]

*Decided December 4th, 1931.*

The cause was argued before PATTISON, URNER, ADKINS, OFFUTT, PARKE, and SLOAN, JJ.

*Leonard Weinberg* and *Harry J. Green,* with whom were *Weinberg & Sweeten* on the brief, for the appellant.

*Ernest F. Fadum, Assistant City Solicitor,* and *William H. Marshall, Assistant City Solicitor,* with whom was *R. E. Lee Marshall, City Solicitor,* on the brief, for the appellee.

PARKE, J., delivered the opinion of the Court.

Clinton Street is a public highway of Baltimore City. The general direction of this street is north and south, and it is intersected by Pratt Street, another highway, and next by an alley way which is immediately south of Pratt Street. At the southwest corner of the intersection of Clinton and Pratt Streets a public school is situated and conducted. During the recess periods, of fifteen minutes in the morning and afternoon, and the hour at midday, that portion of Clinton Street between the intersections of Pratt Street and this alley is closed to public traffic during the scholastic year for the purpose of allowing the school children to use this section of the highway for a playground. Immediately before the beginning of the recess periods, a servant at the school closed the highway by placing barriers at the inner intersecting lines of Pratt Street and the alley; and, upon the expiration of every recess period, the temporary obstructions to warn travelers and to prevent user of the bed of the street were similarly removed.

The officials in charge of the school had sought and obtained from the bureau of highways of the department of public works of Baltimore City permission to block off this portion of the street, upon the understanding that all necessary barriers were to be furnished, put up, and properly removed by the applicant. Upon request, the police department supplied the school with the articles used to indicate the described roadway had been closed to public travel.

The uncontradicted testimony is that, a few minutes before the morning recess period on the day of the accident, a servant at the school closed the northern end of the section of the street to be used as a playground during recess, by suspending a rope across the street. He fastened one end to a lamp post on the west side of Clinton Street and the other end to a tree on the east side of the street. The rope was heavy, and Dr. Scheindlinger, a witness for the plaintiff, testified that the rope was about an inch and a half in diameter.

The plaintiff had seldom driven on Clinton Street, and, although his children were among its pupils, did not know

the street was closed to travel during the recess periods of the school.

The accident occurred a few minutes before a quarter after 10 o'clock in the morning, on March 5th, 1928, when the day was bright and clear.

The plaintiff was alone on his motor truck. He had delivered furniture in the block on Clinton Street, north of where it was intersected by Pratt Street, and was driving his truck south on the west side of Clinton Street, with the sun shining a little bit on the left side of his windshield; and, looking ahead and to the right and left, with the truck moving slowly, and no traffic of any kind in sight to divert his attention, he crossed Pratt Street, about eight or ten feet from the west curb line, and drove his truck against the rope, which struck the windshield, broke its iron frame, and shattered its glass, so that a piece flew into his eye and seriously injured it. The rope struck plaintiff's neck and caught him in the side and broke, and the truck stopped when he put his foot on the brake.

The plaintiff testified that, before the accident, he did not see the rope nor any warning sign, but that, after the collision, he observed the rope fastened at one end of the lamp post. The defendant's evidence was to the effect that a tin sign, with the painted legend, "Closed—Police Department," was suspended from the rope at the center of the street, and that this warning sign, with pieces of the rope attached, was found, after the accident, under the truck, and exhibited to the plaintiff. The evidence on the part of the plaintiff tended to contradict this testimony and, therefore, it will be assumed, in the determination of the right of the plaintiff to recover, that no sign did hang from the rope, and that all the testimony in support of the plaintiff's cause of action is true. *Yockel v. Gerstadt,* 154 Md. 188, 190, 140 A. 40.

There is a difference of view on the question whether or not the temporary closing to public travel of a section of a highway adjacent to a public school, for the purpose of affording the school children a playground during the recess periods of the scholastic year, is a nuisance. See *Flack's*

*Code of Public Local Laws,* art. 4, subsec. (9), of section 6, p. 865. *State v. Stewart,* 152 Md. 419, 137 A. 39; *Taylor v. Cumberland,* 64 Md. 68, 20 A. 1027; *State v. Burkett,* 119 Md. 609, 624-626, 87 A. 514; *Minor Privilege Cases (City of Baltimore v. Nirdlinger),* 131 Md. 600, 612, 102 A. 1014. Compare *Haberlil v. Boston,* 190 Mass. 358, 76 N. E. 907; *Com. v. Surridge,* 265 Mass. 425, 164 N. E. 480; *Owens v. Town of Atkins,* 163 Ark. 82, 259 S. W. 396, and note in 34 A. L. R. 267; *Simon v. City of Atlanta,* 67 Ga. 618; *City of Lawrenceburg v. Lay,* 149 Ky. 490, 149 S. W. 862; *Belvin v. City of Richmond,* 85 Va. 574, 8 S. E. 378; *Petrich v. Village of Chisholm,* 180 Minn. 407, 231 N. W. 14; *Anderson v. City of Wilmington,* 2 Pennewill (Del.) 28, 43 A. 841.

It is not necessary on this record to determine whether or not the blocking of the street was a nuisance, so it will further be assumed, but without so deciding, that the roping or blocking off of the roadbed of the street for use as a playground for the school children during the daily periods of recess was a public nuisance for which only the municipality was responsible, and liable for the negligence of the servants employed at the school for any failure to use due care, under the circumstances, in connection with the methods employed to stop and prevent public user during the recess periods.

The assumptions here made charge the defendant with negligence, but it is manifest that the proximate cause of the accident was the plaintiff's own fault. The morning was clear and bright, and the rope across the width of the street was large, heavy, and visible to the truck driver, who, if he had looked, would have seen the rope, and would have had ample time to bring his slowly moving truck to a full stop without coming in contact with the barrier. The man was in the prime of life and in the full possession of his faculties, the brakes of the truck were in good condition, the glass of the windshield was clean and clear, and the truck was in his skillful and complete control. There was no traffic to engage his attention or to afford him any cause for distraction or to produce confusion. The way ahead was open and there was

no obstruction of his vision. The rope was undoubtedly there, otherwise the accident could not have occurred; and it was undeniably in plain sight, because all the witnesses affirm the fact, and the plaintiff testified that he looked after the collision and saw one of the rope's broken halves tied to the lamp post. To look was to see in time to stop in a place of safety. Nevertheless, the plaintiff swore that, although he looked to the sides and ahead, and would have seen the rope if it had been there, he did not see the rope until the accident had happened, which was, of course, too late to avoid the collision. Here the impregnable physical conditions admit of no controversy. The plaintiff is not telling the truth when he testified that he had looked and had not seen what he inevitably would have seen if he had looked. The court will not be affected by this testimony, but must conclude the truth to be either that the plaintiff did not look, or that, looking and seeing the rope, he recklessly took a chance and attempted to drive his truck through the obstruction. *Baltimore Traction Co. v. Helms,* 84 Md. 515, 525-529, 36 A. 119; *Northern Cent. Ry. Co. v. Medairy,* 86 Md. 168, 173, 174, 37 A. 796; *Northern Cent. Ry. Co. v. McMahon,* 97 Md. 483, 486, 55 A. 627; *Gitomir v. United Rys. etc. Co.,* 157 Md. 464, 467, 146 A. 279; *Sullivan v. Smith,* 123 Md. 546, 556, 91 A. 456; *Fulton Building Co. v. Stichel,* 135 Md. 542, 549, 550, 109 A. 434.

In either of these contingencies, he cannot recover because of his contributory negligence. The plaintiff's damage was immediately due to his own want of care in his failure to see or, having seen, to avoid the barrier in his way.

In his attempt to establish his case, the plaintiff has shown that the final and decisive act or omission from which the accident arose was not the fault of the defendant but his own failure in the exercise of ordinary care according to the circumstances, and that the plaintiff's damage was caused by himself. The evidence is indisputably clear that the plaintiff, under the circumstances of this case, had the time and space to avoid driving the truck into the heavy rope across the street, if he had but used the common and reason-

able care of a prudent man, in a similar situation, in looking ahead on the street over which he was slowly moving. The plaintiff has, therefore, failed to sustain the burden of showing that his injury was the result of the defendant's acts, and the prayer taking the case from the jury was properly granted. 1 *Beven on Negligence* (4th Ed.), 151, 152; *Knight v. Baltimore,* 97 Md. 647, 652-655, 55 A. 388; *Kaufman Beef Co. v. United Rwys. & Elec. Co.,* 135 Md. 524, 527, 109 A. 191; *Fulton Building Co. v. Stichel,* 135 Md. 542, 549, 550, 109 A. 434; *Yockel v. Gerstadt,* 154 Md. 188, 194, 140 A. 40; *Vannort v. Commrs. of Chestertown,* 132 Md. 685, 692, 104 A. 113; *Duross v. Baltimore,* 136 Md. 56, 63, 110 A. 98.

In cases where the circumstances are different from those on this record and the proof admits of two views, the existence of contributory negligence has been held a question for the jury (a). Where, however, the undisputed evidence admits of no other inference than the contributory negligence of the plaintiff is the final and decisive cause of his injury, the court has taken the case from the jury in instances where a rope has been the barrier (b). *City of Lawrenceburg v. Lay,* 149 Ky. 490, 149 S. W. 862; *Newport News etc. Rwy. & Elec. Co. v. Clark's Admr.,* 105 Va. 205, 52 S. E. 1010; *Cook's Admr. v. Danville,* 116 Va. 383, 82 S. E. 90; *Mac-Farlane v. City of Cambridge,* 194 Mass. 183, 80 N. E. 447 (wooden horses); (a) *Wallower v. Webb City,* 171 Mo. App. 214, 156 S. W. 48; *Holliday v. Mayor etc. of Athens,* 10 Ga. App. 709, 74 S. E. 67; *Ihlen v. Village of Edgerton,* 140 Minn. 322, 168 N. W. 12; *Shinnick v. City of Marshalltown,* 137 Iowa, 72, 114 N. W. 542; *Bollinghouse v. Thompson* (Tex. Civ. App.), 12 S. W. (2d) 253 (cables).

There are five rulings on the evidence which were made the subject of exceptions, but since the testimony admitted or excluded by the trial court's action would not affect the conclusion of this tribunal on the controlling question presented by the record, it will not be necessary to consider these exceptions.

*Judgment affirmed, with costs to the appellee.*